**CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and David J. Shannon, Plaintiffs,**

v.

**RICHARDSON TRUCKING, INC., Defendant.**

**WISCONSIN LABORERS PENSION FUND et al., Plaintiffs,**

v.

**R. T. MADDEN COMPANY, INC., a Wisconsin Corporation, Defendant.**

Nos. 76–C–657, 76–C–608.

United States District Court,
E. D. Wisconsin.

May 31, 1978.

---

Goldberg, Previant & Uelmen by Bernard O. Westler, Milwaukee, Wis., for plaintiffs.

Leonard G. Adent, Waukesha, Wis., for Richardson.

Brennan, Steil, Ryan, Basting & Macdougall by Thomas J. Basting, Janesville, Wis., for R. T. Madden.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

These two unconsolidated civil actions will be treated together in this decision because they raise a common question about the propriety of the court's invocation of its civil contempt powers in the circumstances hereafter described.

In *Richardson Trucking*, the plaintiff has filed a motion for an order finding the defendant in contempt for failure to comply with findings of fact, conclusions of law, and orders entered in that action on November 26, 1976.

In *R. T. Madden Company, Inc.*, the plaintiff seeks an order directing the defendant to show cause why it should not be found in contempt for failing to comply with findings of fact, stipulations, and orders entered in that action on January 12, 1978. The plaintiff has also filed a motion for contempt in the latter action which requests relief identical to that sought in its request for an order to show cause.

The motions in both actions are based on the plaintiffs' contentions that the defendants have failed to make monetary payments in accordance with the terms of the parties' stipulations and the court's orders. The order entered on November 26, 1976, in the *Richardson Trucking* case stated with respect to such payments that "[t]he defendant, Richardson Trucking, Inc., is hereby ordered to pay said damages to the plaintiffs in accordance with the payment schedule set forth in paragraph 1 of the annexed stipulation." A similar expression is found with respect to the payments ordered in the *R. T. Madden, Company, Inc.* action. That order stated that "[d]efendant R. T. Madden, Company, Inc., is hereby ordered to pay said damages in accordance with the payment schedule set forth in paragraph 1 of the annexed stipulation."

In *H. K. Porter Company, Inc. v. National Friction Products Corp.*, 568 F.2d 24 (7th Cir. 1978), the court of appeals for this circuit ruled that a court order which is in substance an injunction may not form the basis for the exercise of the court's civil contempt powers unless the order complies with the directive of Rule 65(d), Federal Rules of Civil Procedure. Rule 65(d) states in part that "[e]very order granting an injunction . . . shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." Here the orders in both cases are in substance injunctive. However, the orders did not themselves set forth what payments the defendants were required to make, but instead did nothing more than incorporate the terms of the parties' agreements with respect to payment schedules. The orders thus fail to meet the directive of Rule 65(d), and even if they are disobeyed, they may not be made the subject of civil contempt proceedings. For this reason, the plaintiffs'

motions in the above actions will not be granted.

Therefore, IT IS ORDERED that in civil action 76–C–657, the plaintiff's motion for contempt be and hereby is denied.

IT IS ALSO ORDERED that in civil action 76–C–608, the plaintiff's motions for an order to show cause and for contempt be and hereby are denied.