WAREHOUSE, MAIL ORDER, OFFICE, TECHNICAL AND PROFESSIONAL EMPLOYEES, LOCAL 743, etc., Plaintiff,

v.

COLUMBIA RUSTPROOF, INC., Defendant.

No. 81 C 1526.

United States District Court, N.D. Illinois, E.D.

Oct. 19, 1982.

Edwin H. Benn, Marvin Gittler, Asher, Goodstein, Pavalon, Gittler, Greenfield, & Segall, Ltd., Chicago, Ill., for plaintiff.

Gerald C. Moton, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Warehouse, Mail Order, Office, Technical and Professional Employees, Local 743, I.B.T. ("Local 743") has moved that Columbia Rustproof, Inc. ("Columbia") be held in contempt for failure to comply with this Court's September 24, 1981 memorandum opinion and order (the "Order"). Columbia counters by seeking dismissal of the contempt proceeding and other relief. For reasons stated in this memorandum opinion and order Local 743's motion is denied and Columbia's motion for dismissal (but not for other relief) is granted. But for other reasons also expressed in this opinion, such dismissal may give Columbia only temporary—and cold—comfort.

### Facts

Local 743 initially sued Columbia for enforcement of a February 10, 1981 arbitration award (the "Award").[1] After the parties had briefed the issues, the Order granted Local 743's motion for summary judgment and ordered Columbia "to comply with the arbitrator's award" (Order 5).

In July 1982 Local 743 moved for issuance of a rule to show cause why Columbia should not be held in contempt for having failed to comply with the Order.[2] Local 743 cites two acts of noncompliance:

    1. Columbia did not permit employee Ira Jones ("Jones") to return to work until November 5, 1981, despite the Award's February 10 order for his reinstatement.

    2. Columbia refused to pay Jones for losses he incurred as a result of that delayed reinstatement ("back wages").

Local 743 also seeks an award of attorney's fees for having to pursue the issue.

■ Columbia denies it has failed to comply with the Award or the Order. Specifically Columbia asserts:

    1. It has afforded Jones the continuing opportunity to perform the work the arbitrator ruled must be made available to him.

    2. Neither the Award nor the Order required the payment of "back wages" to Jones.

Columbia asks not only for dismissal of the contempt proceeding[3] but also for attorney's fees for having to defend this matter.

### This Court's Civil Contempt Power

■ Local 743 invokes this Court's civil contempt power.[4] Two requirements must

---

1. *In re Arbitration Between Columbia Rustproof, Inc. and I.B.T. Local 743,* Fed.Med. & Con.Serv. No. 81 K–01426, Arbitrator's Award by Allan J. Harrison (Feb. 10, 1981).

2. This Court issued the rule July 15, 1982. Local 743's motion for such issuance was coupled with a motion for a finding of contempt upon return of the rule.

3. In the alternative, Columbia asked to take depositions of those privy to the facts in dispute. In light of the resolution of the present motions, Columbia's request on that subject is moot.

    Columbia also originally demanded a jury trial on the contempt charge but apparently dropped that "demand" during the period the main motions were briefed. After having filed its "Answer to Civil Contempt Charge; Motion to Dismiss; Demand for Jury Trial; Motion for Leave to Take Depositions; And, Motion for Award of Attorney's Fees," Columbia filed a more modest "Motion for Hearing Instanter on Motion to Dismiss and for Award of Defend-

ant's Attorney's Fees and Cost." In any case, there is no right to jury trial in civil contempt proceedings. *See Shillitani v. United States,* 384 U.S. 364, 365, 86 S.Ct. 1531, 1533, 16 L.Ed.2d 622 (1966).

4. Although the dividing line sometimes becomes blurred, in general the nature of the relief sought determines whether civil or criminal contempt power is being invoked for noncompliance with a court order. Criminal contempt proceedings are punitive, while civil are "remedial"—that is, they involve enforcement of the order (including coercive fines for that purpose) or compensation for losses sustained by the complainant or both. Here Local 743 asks enforcement of the Order and a fine to compel prompt compliance. *See United States v. United Mine Workers,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 701, 91 L.Ed.2d 884 (1947); *CFTC v. Premex, Inc.,* 655 F.2d 779, 784–85 (7th Cir. 1981); *Shakman v. Democratic Organization of Cook County,* 533 F.2d 344, 348–49 and n. 8 (7th Cir.), *cert. denied,* 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976).

be met before that power can be brought into play:

    1. There must have been disobedience of "an operative command capable of 'enforcement'."

    2. That command, if in substance an injunction, must comply with Fed.R. Civ.P. ("Rule") 65(d).[5]

*H.K. Porter Co. v. National Friction Products Corp.,* 568 F.2d 24, 26–27 (7th Cir.1978), *citing and quoting from International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 74–76, 88 S.Ct. 201, 206–208, 19 L.Ed.2d 236 (1967).

This Court's Order commanded the only thing sought by Local 743: compliance with the Award. It did not in terms repeat the individual requirements imposed by the arbitrator, but rather spoke in terms of approving and enforcing the Award as entered. Thus, though the Order was an "operative command" of this Court "capable of 'enforcement,'" it is necessary to look to the Award to determine Columbia's compliance with that command.[6]

### Columbia's Alleged Disobedience

It is not clear on the present limited record whether Columbia in fact disobeyed the Order. Two issues are posed:

    1. Jones's reinstatement after the date of the Order; and

    2. "back wages" after the date of the Award.

### 1. Alleged Failure To Reinstate Jones

    ■ By definition compliance or noncompliance with the Order can be measured only prospectively from its date of entry, September 24, 1981. On that score the record is in dispute.

In the affidavits accompanying its memoranda, Local 743 said Jones was not reinstated until November 5, 1981. Columbia on the other hand submitted an affidavit and documents suggesting [7] Jones returned to work October 12. Moreover, Columbia's affiant (its Vice President) said Local 743 was on strike until September 15 and all Local 743 members were laid off between September 15 and October 9 (Def.Ex. 1).

Depending on the resolution of that factual dispute, Jones may or may not have been returned to work on the first actual work day after entry of the Order. If he had been, Columbia would not have violated the Order as it affected reinstatement.

More to the point, however, because Jones *did* go back to work in any event, *civil* contempt simply does not apply to the

---

**5.** Rule 65(d) provides:

*Form and Scope of Injunction or Restraining Order.* Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

**6.** Columbia argues with some force that the Order was in substance injunctive and would thus also have to comply with Rule 65(d). Because the Order incorporated the Award by reference, Columbia urges it is insufficient to that end. Cf. *H.K. Porter Co.,* at 27–28 (judgment enforcing settlement agreement); *Central States Southeast & Southwest Areas Pension Fund v. Richardson Trucking, Inc.,* 451 F.Supp. 349, 350 (E.D.Wis.1978) (judgments enforcing parties' stipulations). Though the *H.K. Porter*

language is broad enough to encompass the present situation, this Court need not now decide whether the same analysis in fact applies to the common situation of enforcement of a labor arbitrator's award under Labor-Management Relations Act § 301 (29 U.S.C. § 185), given the nature of the Award here. Contrast the award and district court conduct dealt with in *International Longshoremen's Ass'n,* 389 U.S. at 74–76, 88 S.Ct. at 206–208. If it does apply, the contempt mechanism Rule 70 contemplates as one means for enforcing judgments is simply unavailable. *See* 12 Wright & Miller, *Federal Practice & Procedure* § 3022, at 77 (1973).

**7.** Its documentary submission comprised copies of checks reflecting payments to Jones, and lesser payments to the other employee named in the Award, in October and November 1981. Those checks (presumably payments for services) do not specify the dates the services were rendered by Jones (Def.Ex. A).

reinstatement issue. That obvious fact is confirmed by the relief prayed in Local 743's July 1982 motion:

(1) payment of back wages, health and welfare benefit contributions and attorney's fees and costs; and

(2) payment of a civil contempt fine until Columbia "purges itself of contempt" (that is, pays the requested amounts).

No order of reinstatement was of course needed or sought.[8]

2. *Alleged Failure To Compensate Jones for "Back Wages"*

Because the Order mandated compliance with the Award, any civil contempt determination arising out of Columbia's nonpayment of "back wages" (really a misnomer, for what is at issue are wages from the date of the Award to the date of Jones's reinstatement) must rest on the Award's having ordered such payment. In that respect the Award is both conditional and non-literal.

From the Award it appears Local 743 brought two Jones-related grievances before the arbitrator. They involved Columbia's alleged employment of a junior worker while Jones, a senior worker, was laid off during two separate periods in 1980. As to the first layoff period the arbitrator found for Jones and ordered that he be made whole for his lost time. That has been done and is not in dispute.

As for the second layoff period Jones's grievance was *denied*. However there was a controversy about whether the job being filled by the junior employee had changed in nature after Jones had declined it. Hence the arbitrator, "to give Jones the benefit of the doubt that the job has changed dramatically since it was offered to him," ordered Columbia to permit Jones

to return to work "if he is willing to perform the work now performed by junior employee Travis."[9]

Two questions must therefore be answered in the affirmative before Columbia's "refusal" to pay Jones "back wages" could be said to violate the Award (and thus the Order) and thereby give rise to a possibility of civil contempt:

1. Did Columbia refuse Jones reinstatement after he specifically agreed to take the job described?

2. Did the Award call for "back wages" (really future compensatory damages) between the date of such refusal and the later date of actual reinstatement?

Local 743 has not provided the Court with those affirmative answers.

On the first of the two questions the parties vigorously contest Jones's willingness to take the job.[10] Were that the only issue it might be resolved by a present hearing before this Court. But the second question too is not answered by specific language in the Award (as the Award did in its "make whole" provisions dealing with Columbia's prior violations).

It might perhaps be argued that such "back wages" (really future damages in case of Columbia's noncompliance) were really implicit in the Award. Indeed that seems the most logical reading of the Award. *See Lynchburg Foundry Co. v. United Steelworkers of America, Local 2556,* 404 F.2d 259, 262 (4th Cir.1968). But Columbia has correctly pointed out that the collective bargaining agreement in *Lynchburg* (*id.* at 260) specifically contemplated such compensation, while this Court has not been furnished any showing on that subject here.

---

8. Indeed, at page 1 of its final memorandum Local 743 confirms the dispute over when Jones returned to work goes only "to the amount of backpay due Jones."

9. Award at 5–6.

10. Jones claims he was continuously willing to perform the job from February 10, 1981 on (Pl. Ex. 2). Columbia's affiant claims Jones was

offered the job on three occasions before the Award (clearly irrelevant) and once just after the Award (Def. July 15, 1982 Aff. 1–2). Local 743 contests the sufficiency of the alleged post-Award offer (which is denied as a matter of fact), for it was assertedly tendered to Local 743 and not to Jones himself. *See Ernst Construction Division of Ernst Steel Corp.,* 217 NLRB 1069, 1076–77 (1975).

In any event the lack of a literal provision in the Award, coupled with the uncertainty identified at n. 6 of this opinion, leads this Court to deny Local 743's motion for civil contempt. That does not however leave Local 743 without remedy, for this Court (like every court) retains the inherent power to enforce its own judgments. Local 743 may return to this Court with a motion for such enforcement—not by way of civil contempt, but via a further order implementing the Order—armed either with a confirmation as to the meaning and purpose of the Award from the arbitrator [11] or with a supplemental showing to enable this Court to decide those questions. If Local 743 pursues the former course, it would likely be in the parties' interest to address the factual question (see n. 10) before the arbitrator as well.

### Attorney's Fees

No award of attorney's fees can now be made to Local 743, given the present denial of its motion for contempt. If the further proceedings for enforcement of the Order indicate the appropriateness of such an award (under one or both of this Court's inherent power, see *Roadway Express Co. v. Piper,* 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980), or 28 U.S.C. § 1927) this Court may then consider whether time spent on the current motion (though it was mistaken as to remedy) should be considered.

As for Columbia's like prayer, nothing in its conduct or presentation justifies making an exception to the American Rule in its behalf. Even at best Columbia does not come to this stage of the present action with clean hands.[12]

### Conclusion

Local 743's motion for a finding of civil contempt is denied without prejudice to possible further enforcement proceedings referred to in this opinion. Columbia's motion for dismissal of the civil contempt proceedings is granted, but its motion is denied in all other respects.

---

11. Local 743 suggests this Court "remand" the case to the arbitrator if Columbia is not held in contempt. It does not however identify any source of this Court's jurisdiction to do so (the several cases it cites deal with such remands in the course of original actions to enforce arbitration awards, not with proposed remands in contempt proceedings after judgments of enforcement). Absent some suggested authority to that effect this Court is not inclined to view a "remand" (an inapt term in any case) as ancillary to its power to enforce its judgment. Access to the arbitrator will thus depend on the parties' agreement, either under the collective bargaining agreement or specially for this case.

12. In its November 25, 1981 supplemental memorandum opinion and order this Court granted Local 743's motion for attorney's fees incurred on its summary judgment motion. Columbia's arguments on the summary judgment motion had been "wholly devoid of merit" (Order 4). Moreover, Columbia did not even deign to respond to Local 743's motion for attorney's fees.