## NORTHERN CALIFORNIA POWER AGENCY v. GRACE GEOTHERMAL CORP.

No. A–379.   Decided December 7, 1984

JUSTICE REHNQUIST, Circuit Justice.

Applicant asks that I stay an order of the United States District Court for the Northern District of California granting a preliminary injunction against its commencing eminent domain proceedings in state court against certain leasehold interests held by respondent.   On the basis of the papers submitted to me by both parties, it seems to me that the applicant has made out a strong case for the proposition that respondent had a plain and adequate remedy at law through the process afforded under California's eminent domain laws. A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law.   See *Hillsborough* v. *Cromwell*, 326 U. S. 620, 622 (1946).   Nevertheless, for the reasons that follow I have decided not to grant the application for stay.

Respondent contends that it will suffer irreparable harm because upon the filing of a state eminent domain proceeding

by applicant, an order would issue for immediate possession of the property in question. It claims that loss of possession would mean loss of its only source of revenue, and would lead to immediate financial complications. On the merits, respondent's contention is that applicant's exercise of eminent domain to condemn its geothermal leases, which leases were obtained from the Federal Government under the Geothermal Steam Act of 1970, 84 Stat. 1566, 30 U. S. C. § 1001 *et seq.*, would be pre-empted by the provisions of that statute. Applicant in turn contends that respondent would have had an adequate opportunity to raise this federal claim in the state condemnation proceedings prior to being deprived of possession. See Cal. Civ. Proc. Code Ann. §§ 1255.420, 1255.430, 1250.360(h) (West 1982).

So far as the papers before me indicate, the only written document issued by the District Court in connection with its granting of an injunction contains only the following operative language:

> "The court finds that the plaintiffs have satisfied the requirements for issuance of a preliminary injunction and, accordingly, a preliminary injunction will issue.
>
> "The defendants, and each of them, are enjoined, pending further order of this court, from filing in any way, instituting or commencing any eminent domain or condemnation proceedings or any litigation affecting plaintiff's interest of whatsoever kind or character in the property, real or personal, which is the subject of this litigation."

Thus, the District Court has not provided any reviewing court with the benefit of its views as to the nature of the irreparable injury that respondent might suffer or the inadequacy of the remedy at law, or any other requirement for an injunction. If this were the only order or finding issued by the District Court, it seems to me to wholly fail to satisfy Federal Rule of Civil Procedure 65(d), which provides that

"[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance . . . ."

While this Court has on another occasion summarily reversed the judgment of a District Court which failed to comply with Rule 65(d), see *Schmidt* v. *Lessard,* 414 U. S. 473 (1974), in that case an appeal lay directly from the District Court to this Court. Here, appeal as of right lies from the District Court to the Court of Appeals. I have previously expressed my view that the All Writs Act, 28 U. S. C. § 1651(a), grants the authority to issue stays of district court orders pending appeal to the court of appeals, see *Atiyeh* v. *Capps,* 449 U. S. 1312, 1313 (1981) (REHNQUIST, J., in chambers), but I have also noted my belief that such an exercise should be reserved for the unusual case. *Ibid.* Here the absence of appropriate findings by the District Court makes it impossible for me to determine whether the District Court properly required the respondent to show that it had no adequate remedy at law in the state proceedings. The very absence of these findings, if the District Court entered no further order than the one that I have quoted, would seem to be a significant departure from the requirements of Rule 65(d); but I cannot say with any certainty that this Court would grant certiorari to review a judgment of the Court of Appeals which approved the action of the District Court here, nor can I say that the District Court may not enter appropriate findings in support of an injunction before the case is heard in the Court of Appeals.

The application for a stay is accordingly denied.