NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0012n.06

Case No. 15-1754

<table>
<tr><td rowspan="2">

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

</td><td>

**FILED**
Jan 08, 2016
DEBORAH S. HUNT, Clerk

</td></tr>
</table>

|  |  |
|---|---|
| In re: THE VILLAGE AT KNAPP'S CROSSING, LLC, | ) |
|  | ) |
| Debtor. | ) |
|  | ) |
| ——————————————— | ) |
|  | ) |
|  | )   ON APPEAL FROM THE |
| THE VILLAGE AT KNAPP'S CROSSING, LLC, | )   BANKRUPTCY APPELLATE |
|  | )   PANEL FOR THE SIXTH CIRCUIT |
|  | ) |
| Appellant, | ) |
|  | ) |
| v. | ) |
|  | ) |
| PIONEER VENTURES, LLC, | ) |
|  | ) |
| Appellee. | ) |

BEFORE: MOORE and COOK, Circuit Judges; PEARSON, District Judge.[*]

PER CURIAM. This appeal turns on whether the sale of the Debtor's primary asset mooted its appeal of the bankruptcy court's order converting the Debtor's bankruptcy case from Chapter 11 to Chapter 7 of the Bankruptcy Code. The Bankruptcy Appellate Panel (BAP) held

_____

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

that the sale mooted the conversion-order appeal. The Debtor now appeals the BAP's mootness determination, as well as the bankruptcy court's conversion order. We AFFIRM.

The Debtor appealed to the BAP from a bankruptcy-court order converting its case from Chapter 11 to Chapter 7 of the Bankruptcy Code, but failed to seek or obtain a stay of the conversion order during the appeal's pendency. Following the case's conversion to Chapter 7, the bankruptcy court authorized the sale of the Debtor's primary asset—three properties located at a busy intersection in Grand Rapids, Michigan that the Debtor intended to develop as a shopping complex (VKC Property). Yet the Debtor neither obtained a stay nor appealed the order authorizing the VKC Property sale. Pioneer Ventures, LLC purchased that property. The Debtor's Chapter 11 plan depended on its developing the VKC Property, and the conversion-order appeal offered no mechanism to return the asset to the Debtor's bankruptcy estate. Determining that a favorable decision would therefore afford the Debtor no relief, the BAP dismissed the conversion-order appeal as constitutionally moot.

We review mootness determinations de novo, *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004), affirming if events occur "during the pendency of the appeal that make it 'impossible for the court to grant any effectual relief whatever.'" *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

We agree with the BAP that the VKC Property sale mooted the Debtor's appeal of the conversion order. As Debtor's counsel concedes, the Debtor's Chapter 11 plan cannot succeed without the VKC Property. Debtor not only failed to obtain a stay of either the conversion order or sale-authorization order, but also failed to appeal the sale-authorization order. This appeal of the *conversion* order therefore offers no mechanism to unwind the VKC Property *sale*. Without a path to provide effective relief, the Debtor's appeal is moot. *See In re Roller*, 999 F.2d 346

(8th Cir. 1993) (affirming the dismissal as moot of bankruptcy petitioners' appeal from an order reinstating their Chapter 12 bankruptcy petition because the petitioners' assets had been liquidated following the case's conversion from Chapter 12 to Chapter 7, and the petitioners failed to obtain a stay of either the conversion order or liquidation sales); *In re Cook*, 730 F.2d 1324, 1326 (9th Cir. 1984) (dismissing as moot an appeal of a forfeiture decree—entered under Chapter 11—that sought the return of property discharged under Chapter 7 because "the propriety of the discharge under Chapter 7 has not been appealed and is not before us").

The Bankruptcy Code bolsters our conclusion that we lack a procedural path to provide effective relief. *See* 11 U.S.C. § 363(m). Because the bankruptcy court ordered the VKC Property sale pursuant to 11 U.S.C. § 363(b), and the Debtor neither obtained a stay of the sale-authorization order nor argued that Pioneer lacked good faith in purchasing the VKC Property, § 363(m) prevents this court from affecting the sale's validity. *See* 11 U.S.C. § 363(m) (preventing a "reversal or modification on appeal of an authorization" to sell property under § 363(b) from "affect[ing] the validity of a sale . . . under such authorization" to a good-faith purchaser unless the sale was stayed pending appeal). Section 363(m) also prevents the Debtor's indirect attack on the sale-authorization order by way of this conversion-order appeal. *See In re Parker*, 499 F.3d 616, 620 (6th Cir. 2007) (determining that 11 U.S.C. § 363(m) prevented indirect attempts to attack the validity of a bankruptcy court's order of sale issued under § 363 when the appellant failed to obtain a stay of that order).

Agreeing that the VKC Property sale mooted this appeal, we AFFIRM.