NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0394n.06

No. 15-3303

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 14, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| OHIO BELL TELEPHONE COMPANY | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SUHRHEINRICH and MOORE, Circuit Judges; LUDINGTON, District Judge.[1]

**LUDINGTON, District Judge.** Secretary of Labor Thomas Perez, plaintiff below, appeals the judgment entered in the district court against it and in favor of Appellee the Ohio Bell Telephone Company. The Secretary, acting through the Occupational Safety and Health Administration ("OSHA"), filed suit against Ohio Bell on behalf of thirteen employee complainants, alleging that Ohio Bell violated the Occupational Safety and Health Act of 1970 ("OSH Act" or "Act"), Pub. L. No. 91-596, 84 Stat. 1590–1620 (codified as amended at 29 U.S.C. §§ 651–678 (2012)). The employees alleged that Ohio Bell punished them for reporting workplace accidents. The Secretary sought restitution for the employees and a permanent injunction restraining Ohio Bell from further violations of the Act.

---

[1] The Honorable Thomas L. Ludington, District Judge for the Eastern District of Michigan, sitting by designation.

The Secretary now appeals the district court's determination that the Secretary's request for a permanent injunction was, as a matter of law, overbroad and that the case was mooted after Ohio Bell granted the underlying complainants the relief sought on their behalf by Perez.

## I.

Appellant Thomas Perez is the Secretary of the United States Department of Labor. OSHA, established by the Act in 1971, is an agency within the Department of Labor.

The Act directs the Secretary to promulgate uniform standards for workplace safety and health. *See* 29 U.S.C. §§ 652(8) & 655(a). Employers and their employees are required to comply with OSHA's safety and health standards. 29 U.S.C. § 654(a)&(b). If employers or employees fail to comply with OSHA's safety and health standards the Secretary may "issue citations and proposed penalties for alleged violations" against the employer. 29 C.F.R. § 1903.1. Employers, accordingly, are tasked with assuring that employees comply with OSHA's safety and health standards and in doing so may discipline employees who do not comply OSHA's safety and health standards.

Appellee Ohio Bell is principally located in Cleveland, Ohio. It provides communications and entertainment services throughout Ohio. To facilitate the provision of those services, it "maintains a network of fiber and copper transmission lines and related electronics and connection terminals." Truszkowski Decl. ¶ 2., Page ID 97. The thirteen complainants, on whose behalf the Secretary filed suit, are employees of Ohio Bell who work in some capacity "installing, repairing, and servicing network facilities." *Id*. at ¶ 3.

## A.

On February 13, 2012, Todd Fensel, an employee of Ohio Bell, filed a formal complaint with OSHA wherein he alleged that Ohio Bell disciplined him for reporting a workplace injury.

Fensel had informed his supervisor on January 5, 2012 that he had sprained his shoulder the day before while performing a required check of his vehicle. Fensel slipped on black ice and hurt his shoulder when he tried to break his fall. Fensel sought medical treatment for his shoulder injury.

Ohio Bell investigated the accident. It determined that "Fensel should have worn ice grip shoes rather than company issued non-skid boots." Pl.'s Compl. ¶ VII(e). As a result, Ohio Bell concluded, "Fensel had violated its policy on prevention of falls, though no specific safety rule or section of the policy was cited." *Id*. On February 7, 2012, Ohio Bell issued Fensel a written warning and imposed a one-day unpaid suspension.

Over the next fourteen months OSHA received what it viewed as twelve similar complaints alleging that Ohio Bell had punished complaining employees for reporting a workplace injury. The workplace injuries varied in cause, type, and severity. The internal policy cited by Ohio Bell for disciplining the complainants varied as well. The discipline imposed by Ohio Bell on the twelve other complainants was also similar to that imposed on Fensel. Each complainant received a written warning and an unpaid suspension. All but two of the unpaid suspensions were for one day; two of them were three-day suspensions. In twelve of the instances, Ohio Bell cited a policy (such as its Slips, Trips and Falls prevention policy) that the employee had violated but did not specify the specific section of the policy that the employee violated.

**B.**

OSHA investigated the employees' retaliation complaints. It discovered that in each incident, an employee had been injured on the job and reported that injury to Ohio Bell. In each case, Ohio Bell investigated the circumstances of the injury and determined that the injury was preventable. Ohio Bell chose to discipline these employees under its Midwest Network Services

Manager's Guide to Corrective Action. The discipline was premised, according to Ohio Bell, on the employees' non-compliance with workplace safety policies that Ohio Bell had in place.

During the investigation Ohio Bell worked consensually with OSHA to revise some of the employee safety policies of which OSHA was critical. Ohio Bell revised its Slips, Trips and Falls prevention training policy and the revision was approved by OSHA. Bullock Decl. ¶¶ 6–7, Page ID 101. It also revised the policy under which the complainants were disciplined, the Manager's Guide to Corrective Action. Truszkowski Decl. ¶ 6, Page ID 98. Ohio Bell changed the definition of "accident" in the policy and the circumstances under which it can discipline an employee for having a "preventable accident." *Id*. The prior version of the disciplinary policy, under which the complainants were disciplined, is no longer in effect. *Id*. at ¶ 7.

When OSHA completed its investigation into Ohio Bell's discipline of the employees' reported injuries it reached the internal conclusion that Ohio Bell had violated § 11(c)(1) of the Act. 29 U.S.C. § 660(c)(1). That section provides:

> No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

*Id*. The Secretary then initiated the present suit on behalf of OSHA by filing his complaint on February 10, 2014.

The Secretary's complaint alleged that Ohio Bell discriminated against the complainants in violation of § 11(c)(1) of the Act when Ohio Bell disciplined employees for reporting workplace accidents. The complaint also sought a directive from the district court that Ohio Bell remove the written warnings and any record of discipline from the complainant's files, and compensate the complainants for their unpaid leave. The Secretary also sought to have the district court order Ohio Bell to post "a notice for employees stating that [Ohio Bell] will not in

any manner discriminate against employees because of their engagement in protected activities under Section 11(c) of the Act." Pl.'s Compl. ¶ XXX, Page ID 19. Lastly, the Secretary requested permanent injunctive relief. His prayer for injunctive relief reads, in total:

> Wherefore, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendant, its officers, agents, servants, employees and those persons in active concert or participation with it, from violating the provisions of Section 11(c)(1) of the Act, and for such other and further relief as may be necessary and appropriate.

*Id.* The Secretary did not seek a preliminary injunction or a temporary restraining order under Federal Rule of Civil Procedure 65(a) or (b).

In response to the suit by the Secretary, Ohio Bell compensated the complainants for the wages they lost while on unpaid leave. It also removed the record of discipline from each of the employees' files. This was done in addition to the revisions Ohio Bell made to its workplace safety rules in conjunction with OSHA.

## C.

Ohio Bell timely moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. It argued that the case is moot and should be dismissed as such. First, Ohio Bell asserted that the primary relief requested by the Secretary had been mooted when Ohio Bell compensated the complainants for their unpaid leave and removed the records of discipline from the employee's files. It also argued that the injunctive relief requested by the Secretary lacked factual support and was moot. According to Ohio Bell there was no factual support for the Secretary's injunction request. In support of its motion for summary judgment, Ohio Bell furnished the declarations of Jan Truszkowski, Human Relations Business Partner for Ohio Bell; Mark Bullock, Environmental Health & Safety Field Support Area Manager supporting Ohio Bell; Sandra Key, AT&T Environmental Health & Safety Lead Administrator supporting Ohio Bell; and Sheri Singleton, Lead Financial Systems Analyst for AT&T with access to Ohio Bell's

payroll records. Sandra Key's declaration emphasized that only twenty-nine percent of the accidents reported by employees between 2011 and 2013 were deemed preventable and that it exercised its discretion to discipline employees carefully as demonstrated by the fact that it issued discipline in only eleven percent of cases where an accident was reported. The declarations also emphasized that it had worked with OSHA and had changed some of its employee safety policies. Accordingly, Ohio Bell argued, the request for injunctive relief was moot since it could no longer discipline employees under the former policies. Lastly, and in the alternative, Ohio Bell argued that permanent injunctive relief should be denied because the requested injunction was an overbroad "obey the law" injunction that does not comply with the requirements of Federal Rule of Civil Procedure 65.

Ohio Bell's mootness argument was premised on the fact that it had made the complainants whole consistent with the relief requested by the Secretary. The complainants were compensated for their unpaid leave in April and May of 2014, Singleton Decl., Page ID 105–06, and any record of discipline was removed from the complainants' files after OSHA's investigation was completed, Truszkowski Decl. ¶ 8, Page ID 98.

After Ohio Bell moved for summary judgment, the Secretary responded to Ohio Bell's motion by arguing that "[o]n the facts of the pleadings, the facts underlying the individual instances of injuries and disciplinary action are in dispute." Pl.'s Resp. Br. 1, Page ID 128. The Secretary furnished one declaration in support of his response, that of Mary Ann Howe, an Assistant Regional Administrator of OSHA. Ms. Howe repeated the Complaint's language that "Plaintiff's investigations found that Ohio Bell discriminated against [its] employees" and that

> [s]ince this lawsuit has been filed, OSHA has continued to receive 11(c) complaints against Defendant and related companies, with fact patterns similar to those presented in this case, and involving the same corporate policies, including

two complaints against Ohio Bell, one against the Illinois Bell Telephone Company and four against Southwestern Bell Telephone Company.

Howe Decl. 2, Page ID 139. The affidavit also expressed OSHA's concern "that the policy revisions thus far have not been adequate to correct the 11(c) violations." Id. The Secretary furnished no additional declarations or explanations why he could not "present facts essential to justify its opposition" or why he should be given "time to obtain affidavits or declarations or take discovery." Fed. R. Civ. P. 56(d).

**D.**

The district court granted Ohio Bell's motion for summary judgment. In doing so, it noted the fact that the Secretary's request for tangible relief had been mooted by Ohio Bell, a fact acknowledged by both parties. See Jan. 23, 2015 Op. 4, Page ID 169 ("[t]he parties agree that the only issue before the court is whether injunctive relief is appropriate in this action.").

The district court then addressed the Secretary's remaining request for a permanent injunction. It reached three separate conclusions concerning the propriety of the request for injunctive relief. First, it concluded that the case was mooted in its entirety when Ohio Bell made the complainants whole. Ohio Bell's actions, according to the district, did not just moot the Secretary's request for tangible relief but also mooted the request for a permanent injunction. *See* Jan. 23, 2015 Op. 5, Page ID 170 ("Since there is no remaining adverse employment action for Plaintiff to challenge under Section 11(c), the Complaint is moot.").

Second, the district court concluded that the injunction requested by the Secretary is overbroad, because the injunction would prohibit Ohio Bell from prospectively violating § 11(c). The district court explained that granting such broad injunctions "is discretionary and appears to have been used sparingly by courts." *Id*. at 6, Page ID 171.

Finally, the district court concluded "that the entry of an injunction is not warranted or proper given the facts and circumstances in this case." *Id*. It did not further elaborate on that point.

**E.**

While Congress intended the Secretary to have extensive authority to exercise "broad remedial purposes," 29 C.F.R. § 1977.9, against employers who violate the Act or whose employees violate the Act, the Act also contains an anti-discrimination provision intended to shield employees from unfounded discipline. 29 U.S.C. § 660(c)(1). An employee that believes he has been discriminated against in violation of the Act may file a complaint with the Secretary. 29 U.S.C. § 660(c)(2). An employee may also file a complaint with his employer. 29 C.F.R. § 1977.9. As the regulations explain "the salutary principles of the Act would be seriously undermined if employees were discouraged from lodging complaints about occupational safety and health matters with their employers." 29 C.F.R. § 1977.9. Thus, an employee lodging a complaint with an employer is protected against discrimination or discharge for filing such a complaint. *Id*.

An employee is not shielded from discrimination or adverse employment action just by virtue of engaging in protected activities. Indeed, the statutory scheme contemplates that employers may, and in some cases should, discipline or discharge an employee for "legitimate reasons, or . . . non-prohibited considerations." 29 C.F.R. § 1977.6. But discipline or discharge by an employer must be based on legitimate reasons alone. That is because an "employee's engagement in protected activity need not be the sole consideration behind discharge or other adverse action." 29 C.F.R. § 1977.6.

Relatedly, an employee cannot "refuse to comply with occupational safety and health standards or valid safety rules implemented by the employer in furtherance of the Act." 29 C.F.R. § 1977.22. An employee doing so is "not exercising any rights afforded by the Act." *Id*. As a result, an employer may take disciplinary action "in response to employee refusal to comply with appropriate safety rules and regulations." *Id*. Such discipline imposed by an employer "will not ordinarily be regarded as discriminatory action prohibited by section 11(c)." *Id*. The Act and its regulations, however, do not provide any further elaboration as to when an employer appropriately disciplines an employee for not complying with mandatorily imposed health and safety guidelines and when an employer inappropriately discriminates against an employee for refusing to be exposed to a hazardous condition, 29 C.F.R. § 1977.12, or otherwise exercising a protected right under the Act.

Finally, the Act does not "supersede or in any manner affect any workmen's compensation law." 29 U.S.C. § 653. Many states, including Ohio, maintain a no-fault worker's compensation scheme that makes employers financially responsible for work related injuries without a finding of fault. *See, e.g.*, Michael Travis, OHIO BUREAU OF WORKERS' COMPENSATION, *A Legal Overview of Ohio Workers' Compensation*, 2 (2011), https://www.bwc.ohio.gov/downloads/blankpdf/oscwed/605travis.pdf (explaining that Ohio is a no-fault workers' compensation state). Under no-fault workers' compensation schemes, the contributory negligence of an employee is not a defense.

## II.

The district court opinion reached three conclusions: that summary judgment was proper, that it did not have jurisdiction to entertain the matter before it, and that the Secretary's request

for a permanent injunction was improperly broad. All of these conclusions implicate different standards of review.

First, Ohio Bell presented the issue of mootness and the question of the propriety of injunctive relief through a motion for summary judgment. The district court granted Ohio Bell's motion. "We review the district court's grant of summary judgment *de novo*." *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014). A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When considering Ohio Bell's motion, however, the district court determined that it was without jurisdiction to entertain the suit because the relief Ohio Bell afforded the complainants mooted the case. "We review mootness determinations de novo." *In re Vill. at Knapp's Crossing, LLC*, Case No. 15-1754, 2016 WL 98160, at *1 (6th Cir. Jan. 8, 2016).

Additionally, the district court concluded that the permanent injunction requested by the Secretary was impermissibly broad. "We utilize a number of different standards when reviewing a district court's decision to grant or deny a permanent injunction: Factual findings are reviewed under the clearly erroneous standard, legal conclusions are reviewed de novo, and the scope of injunctive relief is reviewed for an abuse of discretion." *King v. Zamiara*, 788 F.3d 207, 217 (6th Cir. 2015) (internal quotation marks and citation omitted) *cert. denied*, 136 S. Ct. 794 (2016). We review denials of permanent injunctions for an abuse of discretion. *Howe v. City of Akron*, 801 F.3d 718, 753 (6th Cir. 2015).

## III.

We affirm for a reason advanced in part by the district court. *See Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006) ("[T]his Court may uphold a district court's order on any

ground supported by the record."). Injunctions that do no more than compel compliance with existing law are overly broad and do not comply with Federal Rule of Civil Procedure 65. Because the request for an injunction was properly denied, and the Secretary's requests for tangible relief had, by concession, been satisfied, the district court properly dismissed the case.

**A.**

The prohibition on overbroad or vague injunctions is deeply rooted in equity. The Supreme Court has warned against "sweeping injunction[s] to obey the law" and has cautioned courts about their "duty to avoid" such orders. *Swift & Co. v. United States*, 196 U.S. 375, 401 (1905). The warning followed from the Supreme Court's emphasis that "defendants ought to be informed, as accurately as the case permits, what they are forbidden to do." *Id*. In *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426 (1941), the Supreme Court held that the National Labor Relations Board was not "justified in making a blanket order restraining the employer from committing any act in violation of the statute," the National Labor Relations Act, simply because the respondent had violated two subsections of the Act. *Id*. at 433. The injunction requested by the NLRB would prohibit any future violation by the employer, "however unrelated it may be to those charged and found." *Id*.

Most importantly, a broad injunction requiring a party to obey the law would require "that courts[,] . . . for the indefinite future[,] . . . give effect in contempt proceedings to an order of such breadth." *Id*. "The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly one." *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967). Accordingly, the provisions of Federal Rule of Civil Procedure 65(d) are "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt

citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). Injunctions that seek no more than obedience to the law as written are deserving of scrutiny under Rule 65(d).

A number of our sister circuits have addressed requests for injunctions that compel nothing more than obedience to existing law. Most of the circuits that have addressed such injunctions have adopted a rule against them. *See, e.g.*, *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996) ("[U]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law."); *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1182 (3d Cir. 1990) ("A broad 'obey the law' injunction will be vacated."); *Davis v. Richmond, Fredericksburg & Potomac R. Co.*, 803 F.2d 1322, 1328 (4th Cir. 1986) (vacating a paragraph of an injunction that directs the enjoined party to "obey the statute"); *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 898 (5th Cir. 1978) (explaining that broadly worded "'obey the law' injunctions cannot be sustained"); *Jake's, Ltd., Inc. v. City of Coates*, 356 F.3d 896, 904 (8th Cir. 2004) (holding that a "command to obey the law was overbroad under general equitable principles"); *Glover Const. Co. v. Babbitt*, 172 F.3d 878 (10th Cir. 1999) (addressing a request for an injunction requiring a Native American tribe to obey the law and noting that "[s]uch injunctions are not appropriately issued"); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) ("Consistent with the two foregoing purposes, appellate courts will not countenance injunctions that merely require someone to 'obey the law.'"). Others have expressed disfavor with such injunctions but not imposed a per se bar against them. *See, e.g.*, *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) ("An injunction that does no more than order a defeated litigant to obey the law raises several concerns."); *F.T.C. v. EDebitPay, LLC*, 695 F.3d 938, 944 (9th Cir. 2012) ("[W]e have not adopted a rule against 'obey the law' injunctions per se.").

The term "'obey the law' injunction" has been used on only one prior occasion by this Court. In *E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566 (6th Cir. 1984), the Court analyzed the following injunction entered by the district: "defendants are hereby permanently enjoined from discriminating against women on the basis of their gender. Further, defendants are hereby enjoined from reducing the amount of the weekly disability benefits and/or the period for which disability benefits may be awarded." *Id*. at 576. The Court struck the first sentence of the injunction because there was "no suggestion . . . that Wooster Brush has engaged in any sexually discriminatory conduct other than not providing disability benefits for pregnancy." *Id*. An injunction compelling complete and total compliance with Title VII ran afoul of Federal Rule of Civil Procedure 65(d), which "provides that 'every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail . . . the act or acts sought to be restrained.'" *Id*. (quoting Fed. R. Civ. P. 65(d)). The Court remanded to the district court with instructions that "the first sentence of the . . . injunction . . . be limited to enjoining the Wooster Brush Company from discriminating against employees on account of their sex by participating in any fringe benefit programs, that would violate the provisions of 42 U.S.C. § 2000e(k) if performed by the employer." *Id*.

The *Wooster Brush* court did not specifically adopt the term "obey-the-law injunction." Its only reference to the term came when discussing the arguments made by the appellants about the invalidity of the injunction. The *Wooster Brush* court also did not articulate a specific rule concerning "obey-the-law injunctions." The court did, however, draw upon the well-accepted rule that overbroad objections are improper. *See* Fed. R. Civ. P. 65(d); *Swift*, 196 U.S. at 401; *Express Pub. Co.*, 312 U.S. at 433. We have accordingly explained that district courts "should limit the scope of [an] injunction to the conduct which has been found to have been pursued or is

related to the proven unlawful conduct." *Howe v. City of Akron*, 801 F.3d 718, 753 (6th Cir. 2015). *See also CFE Racing Products, Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 595 (6th Cir. 2015) ("Courts must closely tailor injunctions to the harm that they address." (internal quotation marks omitted)). An injunction that does no more than prohibit any and all conduct in contravention of already existing law is overbroad under the terms of Rule 65(d). Thus, *Wooster Brush*'s emphasis on the terms of Rule 65(d) was sound and we reiterate the importance of those limitations when a district court is evaluating a request for permanent injunctive relief contained in a complaint that has been challenged by a motion under Rule 56.

**B.**

There may be circumstances when obey-the-law injunctions are justified by the facts of the case in which the injunction is sought. *See AutoZone, Inc.*, 707 F.3d at 841 (explaining circumstances where obey-the-law injunctions have been upheld). We do not now craft a per se rule against requests for obey-the-law injunctions. But, at a minimum, where an injunction request is challenged on a motion for summary judgment, the party seeking the challenged injunction is not relieved of its duty to respond to the merits of the Rule 56 motion. The responding party must furnish facts in accordance with Rule 56's standards that justify the request for a broad injunction or propose a narrower injunction in keeping with the facts of the case viewed in the light most favorable to the non-movant.

The Secretary takes the position that Rule 65 is not a pleading standard. That is true. Yet when an injunction is challenged on a motion for summary judgment as being overbroad, the non-moving party that seeks the injunction cannot evade its burden under Rule 56. The Secretary provides no authority for the proposition that requests for permanent injunctions are exempt from

challenge under Rule 56. A contrary rule would allow any plaintiff to reach trial on a general request for injunctive relief. [2]

The purpose of Rule 56 is "to prevent the system of extremely simple pleadings from shielding claimants without real claims . . . and make it possible for the court to render a judgment on the law when no disputed facts are found to exist." 10A Fed. Prac. & Proc. Civ. § 2712 (3d ed.) (internal citations omitted). That very circumstance was present here. Ohio Bell challenged the legal validity of the Secretary's request for broad injunctive relief. In the alternative, it challenged the Secretary to produce facts consistent with his request for broad injunctive relief.

When the Secretary's request for a broad injunction prohibiting Ohio Bell from any future violations of § 11(c) of the Act was challenged, he provided no evidence supporting his claim for such a sweeping injunctive order. In fact, the Secretary produced no discovery material in response to Ohio Bell's motion or in support of the assertion in his complaint that the discipline Ohio Bell imposed on its employees was the product of knowing and malicious discrimination by Ohio Bell's management. The Secretary only produced a declaration from an OSHA employee that parroted the conclusory allegations of the Secretary's complaint and noted that two more complaints of a similar type to those made by the complainants had been since the lawsuit was filed. The Secretary did not make any factual proffer consistent with the requirement of a non-movant in response to a motion for summary judgment. He had an obligation to "come forward with "'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits,' showing that there is a genuine issue for trial." *Chappell v. City Of Cleveland*, 585

---

[2] The Secretary's arguments are predicated on a single misperception: that a defendant cannot challenge a claim for injunctive relief through a motion for summary judgment under Rule 56. No authority exists for this proposition in Rule 56 or Rule 65. Rule 56 itself provides that "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a). The rule provides no special solicitude for a claim for injunctive relief.

F.3d 901, 912 (6th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). A non-movant is not relieved of this obligation simply because the remedy he or she requests is for injunctive relief.

Finally, the Secretary also did not propose narrowed injunction language that would comport with particular facts learned during its investigation or in discovery. The Secretary's request for a permanent injunction was properly denied as noncompliant with Rule 56(d). Since the rest of the case had been mooted by Ohio Bell's actions to make the complainants whole, the district court rightly dismissed the Secretary's complaint.

## IV.

Accordingly, we **AFFIRM** the decision of the district court.

**SUHRHEINRICH**, **Circuit Judge**, **concurring.** I fully concur in Judge Ludington's opinion, but write briefly to respond to the dissent. Contrary to the dissent's assertion, this case is about three rules—Fed. R. Civ. P. 56, Fed. R. Civ. P. 65(d), and the mootness doctrine. As the majority opinion points out, when a request for an injunction is challenged on summary judgment, the non-moving party that seeks the injunction must provide evidence supporting his claim for relief. Here, Ohio Bell argued in its motion for summary judgment that there was no factual support for the Secretary's request for a broad injunction prohibiting Ohio Bell from committing any future violations of § 11(c)(1) of the Act. As the majority opinion notes, the only proof the Secretary produced in response was a declaration from an OSHA employee stating that since this lawsuit has been filed, OHSA has continued to receive § 11(c) complaints against Ohio Bell "with fact patterns similar to those presented in this case." The Secretary did not, however, indicate that he had investigated the new complaints and determined that they had merit, as he is required to do prior to bringing suit under § 11(c)(2). Furthermore, he failed to make any factual proffer to support his assertion that the complaints were similar to those in this case, as he is required to do as the non-movant under Federal Rule of Civil Procedure 56. This failure not only defeats his request for an overly-broad injunction, but confirms that the grant of summary judgment was otherwise proper because Ohio Bell gave the underlying complainants the relief sought on their behalf by the Secretary and the Secretary failed to create a fact question that such violations were likely to continue in the future such that a permanent injunction was warranted.

Quite simply, the Secretary failed to show on summary judgment that, once Ohio Bell compensated the complainants for lost wages while on unpaid leave, expunged the record of discipline from each of the employees' files, and revised its workplace safety rules in

conjunction with OHSA, future violations of Rule 11(c)(1) were likely to recur. Thus, the case was moot, and the Secretary's overly-broad request for injunctive relief could not resurrect any claim.

**KAREN NELSON MOORE, Circuit Judge, dissenting.** This is not a case about Federal Rule of Civil Procedure 65. It is not even a case about Federal Rule of Civil Procedure 56. This is a case about mootness.

Ohio Bell Telephone Company made two arguments in support of its motion for summary judgment before the district court: that the case was moot, and, in the alternative, that the Secretary of Labor's request for injunctive relief did not meet the requirements of Rule 65(d)(1). R. 12 (Mot. for Summ. J. at 6, 12) (Page ID #87, 93). Rule 65(d)(1), however, applies to district court orders, not to requests for injunctive relief. Ohio Bell's alternative argument, therefore, was extremely premature, as not only had the district court not yet entered an order, but also the Secretary had not even moved for an injunction: the sole request for injunctive relief was in the Secretary's complaint. But instead of limiting its decision to mootness, which was the only viable basis for dismissal, the district court granted summary judgment based on its determination that the request for injunctive relief in the Secretary's complaint was too broad, applying Rule 65(d)(1) in an entirely unprecedented way. R. 22-1 (Dist. Ct. Op. at 5–6) (Page ID #170–71). Today, the majority makes the same mistake.

Rule 65(d)(1) provides that "[e]very order granting an injunction and every restraining order must: state the reasons why it issued; state its terms specifically; and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Rule's requirements very clearly apply to district court orders, not motions for injunctions or prayers for relief. *See* 11A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2955 (3d ed. 2016) (discussing the consequences of "[a] court's failure to comply with the prerequisites in Rule 65(d) as to the proper scope or form of an injunction or restraining order").

Accordingly, although an appellate court may vacate a district court's injunction for being overbroad, *see id.*, nothing in Rule 65 gives an appellate court or a district court authority to enter judgment on a claim because the request for relief is not sufficiently specific, *see* Fed. R. Civ. P. 65.

Given the plain language of Rule 65(d)(1), it is not surprising that all of the Supreme Court cases that the majority cites involve examinations of the scope of orders granting injunctive relief, not of complaints requesting it—and that none of these cases contemplate the entry of judgment on claims where the request for relief is too broad. *See Schmidt v. Lessard*, 414 U.S. 473, 475, 477 (1974) (vacating injunction entered by district court); *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 67–69, 72–74 (1967) (evaluating district court order requiring compliance with an arbitrator's award); *NLRB v. Express Publ'g Co.*, 312 U.S. 426, 428–30 (1941) (considering petition to enforce order enjoining unfair labor practices); *Swift & Co. v. United States*, 196 U.S. 375, 390 (1905) (examining grant of injunctive relief). The same is true of the Courts of Appeals cases that the majority cites. *See Jake's, Ltd. v. City of Coates*, 356 F.3d 896, 898–99 (8th Cir. 2004) (appeal from district court's injunction); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 43 (2d Cir. 1996) (same); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1524 (11th Cir. 1996) (same); *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1173–74 (3d Cir. 1990) (same); *Davis v. Richmond, Fredericksburg & Potomac R. Co.*, 803 F.2d 1322, 1324, 1328 (4th Cir. 1986) (same); *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 897 (5th Cir. 1978) (same). The two decisions that the majority recognizes as refusing to impose a per se bar against "obey the law" injunctions also involve analyses of the scope of orders granting injunctive relief. *See EEOC v. AutoZone, Inc.*, 707 F.3d 824, 829, 841 (7th Cir. 2013) (appeal from district court injunction prohibiting

discriminatory practices); *FTC v. EDebitPay, LLC*, 695 F.3d 938, 940–41, 944 (9th Cir. 2012) (appeal from stipulated-to order—and subsequent contempt order—enjoining violations of the Federal Trade Commission Act). The controlling cases in our Circuit are no different. *See EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 571, 576–78 (6th Cir. 1984) (considering whether injunctions against discrimination and the alteration of benefits were overbroad); *NLRB v. Teamsters, Chauffeurs, Helpers & Taxicab Drivers, Local Union 327*, 419 F.2d 1282, 1283 (6th Cir. 1970) (reviewing order requiring union to stop coercing employees). The sole case that the majority cites that does not involve an appeal from an order granting injunctive relief is *Glover Construction Co. v. Babbitt*, which involves an appeal from an order denying injunctive relief. No. 97-7122, 1999 WL 51784, at \*\*1–2 (10th Cir. Feb. 5, 1999) (unpublished order). *Glover*'s remark about "obey the law" injunctions is made in approval of the district court's denial—not as criticism of the plaintiff's request. *Id.* at \*2. Thus, none of the case law that the majority cites supports the proposition that Rule 65(d)(1) applies to prayers for relief, let alone the proposition that the Rule mandates the entry of judgment on claims where the request for relief is too broad.

The majority, unfazed by the lack of support for its novel application of Rule 65(d)(1), focuses instead on Rule 56, stating, "[A]t a minimum, where an injunction request is challenged on a motion for summary judgment, the party seeking the challenged injunction is not relieved of its duty to respond to the merits of the Rule 56 motion." Maj. Op. at 14. The majority continues: "The responding party must furnish facts in accordance with Rule 56's standards that justify the request for a broad injunction or propose a narrower injunction in keeping with the facts of the case viewed in the light most favorable to the non-movant." *Id.* I do not dispute that the Secretary has to respond to the merits of a summary judgment motion (and the Secretary never

argues otherwise). But the Secretary does not have to defend the complaint's request for relief against the assertion that it is overbroad—either by providing facts in support of the request or by narrowing it—because Rule 65(d)(1) does not apply to prayers for relief and does not provide a basis for entering judgment. What is more, the majority's requirement that the Secretary "furnish facts" makes no sense. If the problem with the Secretary's request for relief is that it is overbroad, facts will not help. The only remedy is a more narrow request for relief, which the Secretary is not required to make in opposing summary judgment under Rule 65(d)(1) for the reasons explained above. Thus, the majority's application of Rule 56 only further misconstrues Rule 65(d)(1). It is possible that the majority means that the Secretary must point to facts that support the need for an injunction—that is, that show there is a continuing harm—but if so, those facts go to mootness, an issue which the majority does not address.

Although the concurrence does address mootness, it inverts the well-established burden in cases involving the voluntary cessation of unlawful conduct. The concurrence states that "the Secretary failed to show on summary judgment that, once Ohio Bell compensated the complainants for lost wages while on unpaid leave, expunged the record of discipline from each of the employees' files, and revised its workplace safety rules in conjunction with OHSA, *future violations of Rule 11(c)(1) were likely to recur*." Con. Op. at 1–2 (emphasis added). But the Secretary did not have to show that future violations of Rule 11(c)(1) were likely to recur. Ohio Bell had to show that they were not. A defendant's voluntary cessation of allegedly unlawful conduct "moots a case only in the rare instance where 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (quoting *Akers v. McGinnis*, 352 F.3d 1030, 1035 (6th Cir. 2003)). "[T]he party asserting mootness bears the

'heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again.'" *Id.* (quoting *Akers*, 352 F.3d at 1035).  Strikingly, the concurrence cites no law to support its statement.

I would confine our decision to the issue of mootness, and I would reverse the district court's grant of summary judgment.  Ohio Bell has not met its burden under the "voluntary cessation of unlawful conduct" exception to the doctrine.  *See id*.  The majority seeing things differently, I dissent.