SCHMIDT, DIRECTOR OF WISCONSIN DEPART-
MENT OF HEALTH AND SOCIAL SERVICES,
ET AL. *v.* LESSARD

No. 73–568.   Decided January 14, 1974

PER CURIAM.

In October and November 1971, appellee Alberta
Lessard was subjected to a period of involuntary com-
mitment under the Wisconsin State Mental Health Act,
Wis. Stat. § 51.001 *et seq.*   While in confinement, she
filed this suit in the United States District Court for the
Eastern District of Wisconsin, on behalf of herself and
all other persons 18 years of age or older who were being
held involuntarily pursuant to the Wisconsin involuntary-
commitment laws, alleging that the statutory scheme was
violative of the Due Process Clause of the Fourteenth
Amendment.   Jurisdiction was predicated on 28 U. S. C.
§ 1343 (3) and 42 U. S. C. § 1983.   Since both declara-

tory and injunctive relief were sought, a District Court of three judges was convened, pursuant to 28 U. S. C. § 2281.

After hearing argument and receiving briefs, the District Court filed a comprehensive opinion, declaring the Wisconsin statutory scheme unconstitutional. 349 F. Supp. 1078. The opinion concluded by stating that

> "Alberta Lessard and the other members of her class are entitled to declaratory and injunctive relief against further enforcement of the present Wisconsin scheme against them. . . . [Miss Lessard] is also entitled to an injunction against any further extensions of the invalid order which continues to make her subject to the jurisdiction of the hospital authorities." *Id.,* at 1103.

Over nine months later, the District Court entered a judgment, which simply stated that

> "It is Ordered and Adjudged that judgment be and hereby is entered in accordance with the Opinion heretofore entered . . . ."

The defendant-appellants now seek to invoke the appellate jurisdiction of this Court, pursuant to 28 U. S. C. § 1253. That statute provides that

> "Except as otherwise provided by law, any party may appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges."

In response, the appellee has filed a motion to dismiss the appeal for want of jurisdiction. Relying upon this Court's decision in *Gunn* v. *University Committee to End the War,* 399 U. S. 383, she claims that the District

Court's judgment did not constitute "an order granting or denying" an injunction.

In *Gunn,* a statutory three-judge court had found a Texas breach of the peace statute unconstitutional. There, as here, the opinion of the District Court concluded by stating that the plaintiffs "are entitled to . . . injunctive relief." *University Committee to End the War* v. *Gunn,* 289 F. Supp. 469, 475 (WD Tex.). The District Court in *Gunn,* however, entered no further order or judgment of any kind; the concluding paragraph of the opinion was the only mention of injunctive relief. Thus, we concluded that we lacked jurisdiction to hear the appeal under 28 U. S. C. § 1253, because of the total absence of any order "granting or denying" an injunction.

Although the language of the District Court opinion here parallels that in *Gunn,* there is thus an important distinction between the two cases. While the record in *Gunn* was devoid of any order granting injunctive relief, there was in the present case a judgment entered "in accordance with the Opinion." Since the opinion of the District Court by its own terms authorizes the granting of injunctive relief to the appellee, we believe that the judgment here is sufficient to invoke our jurisdiction under 28 U. S. C. § 1253.

Yet, although sufficient to invoke our appellate jurisdiction, the District Court's order provides a wholly inadequate foundation upon which to premise plenary judicial review. Rule 65 (d) of the Federal Rules of Civil Procedure provides, in relevant part:

> "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ."

The order here falls far short of satisfying the second and third clauses of Rule 65 (d). Neither the brief judgment order nor the accompanying opinion is "specific" in outlining the "terms" of the injunctive relief granted; nor can it be said that the order describes "in reasonable detail . . . the act or acts sought to be restrained." Rather, the defendants are simply told not to enforce "the present Wisconsin scheme" against those in the appellee's class.

As we have emphasized in the past, the specificity provisions of Rule 65 (d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. *International Longshoremen's Assn.* v. *Philadelphia Marine Trade Assn.*, 389 U. S. 64, 74–76; *Gunn, supra,* at 388–389. See generally 7 J. Moore, Federal Practice ¶ 65.11; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2955.[1] Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.[2]

---

[1] The record in this case suggests that a good deal of confusion has been engendered by the absence of a specific injunctive order. About six months after the opinion in this action was entered, the appellee submitted a memorandum to the District Court, alleging numerous instances of "noncompliance" with the decision and requesting affirmative judicial relief. No action was taken on this request, and, on July 18, 1973, both the appellee and the appellants joined in a "Motion to Reconvene for Clarification of Opinion." That motion outlined the uncertainty that had followed the District Court's original opinion, and asked the court to "clarify" its precise holdings. The District Court has taken no action on this joint motion, perhaps because of the subsequent filing of a notice of appeal.

[2] "The judicial contempt power is a potent weapon. When it is founded upon a decree too vague to be understood, it can be a deadly

The requirement of specificity in injunction orders performs a second important function. Unless the trial court carefully frames its orders of injunctive relief, it is impossible for an appellate tribunal to know precisely what it is reviewing. *Gunn, supra,* at 388. We can hardly begin to assess the correctness of the judgment entered by the District Court here without knowing its precise bounds. In the absence of specific injunctive relief, informed and intelligent appellate review is greatly complicated, if not made impossible.

Hence, although the order below is sufficient to invoke our appellate jurisdiction, it plainly does not satisfy the important requirements of Rule 65 (d). Accordingly, we vacate the judgment of the District Court and remand the case to that court for further proceedings consistent with this opinion.

*Vacated and remanded.*

MR. JUSTICE DOUGLAS dissents.

---

one. Congress responded to that danger by requiring that a federal court frame its orders so that those who must obey them will know what the court intends to require and what it means to forbid." *International Longshoremen's Assn.* v. *Philadelphia Marine Trade Assn.,* 389 U. S. 64, 76.