Ralph BEN DAVID et al.,
Plaintiffs, Appellees,

v.

Anthony P. TRAVISONO et al.,
Defendants, Appellants.

No. 73–1314.

United States Court of Appeals,
First Circuit.

Heard March 7, 1974.

Decided April 8, 1974.

See also 373 F.Supp. 177.

W. Slater Allen, Jr., Asst. Atty. Gen., with whom Richard J. Israel, Atty. Gen., was on brief, for appellants.

Ralph J. Gonnella, Providence, R. I., with whom Hodosh, Spinella, Hodosh & Angelone, Providence, R. I., Max D. Stern, Burnham, Stern & Shapiro, Boston, Mass., and Stanley Bass, New York City, were on brief, for appellees.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is an appeal from a preliminary order of the district court enjoining and

restraining Rhode Island prison officials and state police, and their agents,

"1. from perpetrating or suffering to be perpetrated the physical and mental abuse, brutalization and beatings of plaintiffs and members of plaintiffs' class by the defendants and their agents;

2. from taking any action in retaliation against plaintiffs and members of plaintiffs' class or of depriving plaintiffs and members of plaintiffs' class of any and all rights and privileges on account of plaintiffs and members of their class participating, assisting, or volunteering any facts or circumstances in the furtherance of this lawsuit."

The court issued the order soon after Rhode Island prison inmates had brought suit, individually and as class representatives, alleging that prison rules [1] had been suspended and that they were being subject to unconstitutional treatment in the form of beatings, mental abuse, inhumane and unsanitary conditions, mail censorship, and the like.[2] Plaintiffs had requested "orders for the protection of plaintiffs and their class . . . to insure a complete and thorough investigation of the claim raised herein." The court thereupon held a three day hearing on that request, and then dictated from the bench a Memorandum and Order reciting that inmates had testified to "a parade of horribles" such as beatings, gassing and "strip" lockups, and that they feared further harassment and beatings. The court went on to announce that, for reasons to be stated, it need not make specific factual findings,

"which would either stigmatize law enforcement or brand the inmates' allegations as prisoner paranoia. It suffices that I do find serious accusations have been made and give the-

plaintiffs the benefit of the doubt that they fear for the harassment—that is, retaliation if they co-operate in the preparation of the substantive action."

The court supported its position by distinguishing a "writ" in aid of jurisdiction under the All Writs Act, 28 U.S. C. § 1651, from ordinary protective orders, F.R.Civ.P. 26(c), or preliminary injunctions, F.R.Civ.P. 52. Characterizing its order as the former, it stated that it need not comply with the ordinary requirement that the court make findings of fact and state "reasons for its issuance." F.R.Civ.P. 65(d). *Cf.* F. R.Civ.P. 52(a). Instead, analogizing to Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), the court found that such an order was essential to guarantee a "fair and meaningful evidentiary hearing" and an "adequate inquiry" into plaintiffs' claims. It found no need, as a predicate to issuance of the protective "writ", to consider the usual criteria for preliminary injunctions, such as probability of success and balancing of equities.

The state officials appeal on the ground that the preliminary order could not be entered without the findings disclaimed by the court.

We think the court unnecessarily confused its substantive power to protect its inquiry into plaintiffs' complaints with the procedural requirements governing the use of such power. The latter incorporate the common sense rule that a court should let the parties and an appellate court know why it acts, and on what factual basis. United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L. Ed.2d 629 (1964); United States v. Forness, 125 F.2d 928, 942 (2d Cir. 1942). Whether proceeding under the All Writs Act or not, a district court has no license to ignore that requirement. *Cf.*

1. The rules had been promulgated in settlement of a civil rights action. Morris v. Travisono, 310 F.Supp. 857 (D.R.I.1970).

2. Defendants denied any brutal conduct, although they admitted that one suicidal inmate was kept naked in a cell for three days and that tear gas had been used to control a raucous group of inmates.

Golden State Bottling Co. v. NLRB, 414 U.S. 168, 177 n. 4, 94 S.Ct. 414, 422 n. 4, 38 L.Ed. 388 (1973).

■ All the court seems to have meant here is that its order, being intended to combat the subjective fear of the inmates rather than any as yet well-established likelihood of official misconduct, did not need to be buttressed by a finding that the latter was probable.

In other words, the court took the position that where the purpose of an injunctive order of this sort was to reassure fearful witnesses and thereby to assist the court's fact-finding, the actual likelihood of the enjoined conduct was secondary. Such a theory, if correct, as in these unique circumstances we believe it was, does not exempt the court from the requirement that it make relevant findings; it merely alters the character of such findings. The findings necessary to support such a protective order are simply that the plaintiffs reasonably fear retaliation and that the court's fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order. Normally, perhaps, in order to show that retaliation is reasonably feared it might be necessary to show that it was objectively probable; however, in a prisoner setting, given the charges and counter charges revealed here, a court might well conclude that an inmate would be fearful of retaliation even without an entirely objective basis: rumor, suspicion, and the dependency of the inmate might parlay even a low objective probability of misconduct into a substantial subjective fear. *Cf.* Smith v. Robbins, 454 F.2d 696 (1st Cir. 1972).

■ Here we think the court's finding that the plaintiffs "fear for the harassment—that is, retaliation if they co-operate in the preparation of the substantive action" was sufficient to support a protective order. We give weight not only to the court's finding, but to the extensive evidence [3] of prison unrest, by whomever caused; the discretion customarily allowed to a trial court in such matters; and the court's undoubted desire to avoid inflammatory statements which might appear to prejudge issues yet to be tried. Hence when the court spoke of giving the plaintiffs "the benefit of the doubt," we do not, under the circumstances, read this as undercutting the force of its finding of actual fear.

■■ We are concerned, however, by the wording of the order itself. Paragraph 1 is indistinguishable from a preliminary injunction; its language is not tailored to its protective purpose and, what is more, under whatever label, it is too vague. Those enjoined, since under threat of judicial punishment, are entitled to be told "precisely what conduct is outlawed." Schmidt v. Lessard, 414 U.S. 473, 94 S.Ct. 713, 715, 38 L.Ed.2d 661 (1974). *See* Sucrs. De A. Mayol & Co. v. Mitchell, 280 F.2d 477 (1st Cir.), cert. denied 364 U.S. 902, 81 S.Ct. 235, 5 L.E.2d 195 (1960). Paragraph 1 prevents "brutalization", whatever that may be thought to mean, and "suffering to be perpetrated . . . mental abuse." Such phraseology is too indefinite,[4] and it is also unfortunate because it suggests, as doubtless plaintiffs meant it to suggest, that those enjoined are capable of any enormity. While defendants are in professions where skins must be reasonably thick, they may not be forced, in the absence of the specific findings here lacking, to endure language like that. Accordingly we find paragraph 1 to exceed the court's authority, both because of its vagueness and because it crosses the line from a limited protective order, which we hold permissible, to a more ex-

3. *Cf.* Maine v. Fri, 486 F.2d 713 (1st Cir. 1973).

4. Similar terms, such as "molesting" or "harassing", have been held too vague. *See, e.*

g., Alberti v. Cruise, 383 F.2d 268 (4th Cir. 1967). *Cf.* Galella v. Onassis, 487 F.2d 986 (2d Cir. 1973).

pansive preliminary injunction appropriate only upon express findings that the prohibited conduct is likely.

Paragraph 2 is, on the other hand, sufficiently within the court's discretionary authority. Paragraph 1 of the order is therefore stricken, and the order as so modified is affirmed.

So ordered.