## In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.

**Bankruptcy No. 89–8191–BKC–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 18, 1991.

See also 126 B.R. 613.

Harley E. Riedel, Tampa, Fla., Doneld E. Engle, Oppenheimer Wolff & Donnelly 4 (co-counsel), St. Paul, Minn., for debtor.

Francis H. Cobb, Dykema Gossett, Tampa, Fla., and William Goldman, Brown & Wood, New York City, for creditors committee.

Joseph W. Bell, San Francisco, Cal., for Semi–Tech Microelectronics.

## ORDER ON MOTION FOR CIVIL CONTEMPT AND FOR IMPO-SITION OF SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case and the matter under consideration is the Motion for Civil Contempt and for Imposition of Sanctions against Semi–Tech Microelectronics (Far East) Limited. The Court has considered the Motion, together with the record and argument of counsel, and finds the relevant facts to be as follows.

The Debtor, formerly known as the Singer Company (Singer) entered into an agreement with Semi–Tech Microelectronics (STM) which provided for an assignment by the Debtor of its right, title and interest in the Singer trademark to STM. STM, in turn, was to provide certified statements to the Debtor regarding the gross sales of certain products and to pay to the Debtor royalties relating to those sales.

STM filed a proof of claim in the Debtor's bankruptcy case and thereafter, the Debtor and STM entered into an agreement which provided that certain royalty payments owed by STM to Debtor were not in dispute, were due and owing to the Debtor, and were to be delivered to the Debtor. This Court entered an Order approving the settlement agreement.

According to the Debtor, STM failed to comply with this Court's Order approving the settlement agreement by not making royalty payments to the Debtor and therefore, the Debtor filed the instant Motion charging STM with civil contempt and seeking sanctions in the form of the costs associated with bringing the Motion.

Civil contempt sanctions are imposed to coerce compliance with Court orders and to compensate the party who suffers because of the contemnor's behavior. *Granfinanciera*, 872 F.2d 397, 400–01 (11th Cir.1989). It is well established that

contempt is a drastic remedy which should be invoked only when the right to use it is clear. *United States v. Peterson,* 456 F.2d 1135, 1139 (10th Cir.1972).

■ A Court may properly find a party in civil contempt for failing to comply with a judgment entered pursuant to a consent decree. *Combs v. Ryan's Coal Company, Inc.,* 785 F.2d 970, 980 (11th Cir.1986) citing *Newman v. State of Alabama* 683 F.2d 1312, 1318 (11th Cir.1982) *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1773, 76 L.Ed.2d 346 (1983); *United States v. City of Jackson,* 519 F.2d 1147, 1152, 9 (5th Cir.1975). However, the appropriate remedy for failure to satisfy a money judgment is a writ of execution. *Combs* at 980 *citing, Shuffler v. Heritage Bank,* 720 F.2d 1141, 1147–48 (9th Cir.1983).

■ Where a court order fails to set forth a sum certain to be paid, and instead merely incorporates the terms of parties' agreements, the failure to make a payment pursuant to the order cannot support a charge of civil contempt. *Central States Southeast and Southwest Areas Pension Fund v. Richardson Trucking,* 451 F.Supp. 349, 350 (E.D.Wisc.1978). Court decrees must be very specific, in part to prevent uncertainty, and a contempt citation cannot be based on a vague and uncertain order. *NBA Properties, Inc. v. Gold,* 895 F.2d 30, 32 (1st Cir.1990), *citing Schmidt v. Lessard,* 414 U.S. 473, 476, 94 S.Ct. 713, 715, 38 L.Ed.2d 661 (1974).

■ This Court's Order approving the Settlement Agreement between the Debtor and STM merely incorporated the terms of the parties' agreement. Neither the Court Order nor the parties' agreement directed STM to pay a sum certain to the Debtors. Thus, this Court is satisfied that STM's failure to pay the Debtor pursuant to this Court's Order cannot support a charge of civil contempt. In sum, this Court is satisfied that civil contempt is not the appropriate remedy to ensure compliance with this Court's Order and the Debtor's Motion is not well taken and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Civil Contempt be and the same is hereby denied.

DONE AND ORDERED.