365 F.3d 156
 CORNING INCORPORATED, Plaintiff-Counter-Defendant-Appellee,
v.
PICVUE ELECTRONICS, LTD and PicVue Optoelectronics International, Inc., Defendants-Counter-Claimants-Third-Party-Plaintiffs-Appellants,
Eglasstrek GmbH, Defendant,
v.
Saint-Gobian Advanced Ceramics Corporation, Third-Party-Defendant.
 No. 03-7731(L).
 No. 03-7939(CON).
 United States Court of Appeals, Second Circuit.
 Argued: April 14, 2004.
 Decided: April 22, 2004.
 
 James P. O'Brien (Christopher A. Michaels, Paul J. Sweeney, Oliver N. Blaise, III, Michael A. Garzo, Jr., on the brief), Coughlin & Gerhart, LLP, Binghamton, N.Y., for Defendants-Counter-Claimants-Third-Party-Plaintiffs-Appellants.
 David M. Lascell (Maurice M. Klee, Jerauld E. Brydges, on the brief), Harter, Secrest & Emery LLP, Rochester, N.Y. (Mark W. Lauroesch, Paul R.A. Burke, of counsel), Corning, Inc., for Plaintiff-Counter-Defendant-Appellee.
 Before: KEARSE and KATZMANN, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellee Corning Inc. ("Corning") commenced this action, alleging that defendants-appellants, Picvue Electronics, Ltd. and Picvue Optoelectronics International, Inc. (collectively "PicVue"), and defendant Eglasstrek GmbH ("Eglasstrek") misappropriated its trade secrets and infringed its copyrighted drawings relating to the manufacture of glass for liquid crystal displays. In April 2003, PicVue filed a motion to dismiss Corning's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment on Corning's trade secret and copyright claims. Subsequently, in May 2003, Corning sought a preliminary injunction, enjoining PicVue and Eglasstrek from misappropriating or using Corning's trade secrets and from infringing its copyrighted drawings. By decision and order, dated July 2, 2003, the district court (Telesca, J.) denied PicVue's motion to dismiss, denied PicVue's motion for summary judgment without prejudice, and granted Corning's motion for a preliminary injunction. This appeal followed.
 
 
 2
 A summary order issued simultaneously with this opinion disposes of most of PicVue's challenges. We write to address only PicVue's arguments that the preliminary injunction entered by the district court fails to comply with the requirements of Federal Rule of Civil Procedure 65(c) and (d). In considering PicVue's contentions, we review the district court's entry of the preliminary injunction for abuse of discretion, "which will be found if the district court applies legal standards incorrectly or relies upon clearly erroneous findings of fact, or proceed[s] on the basis of an erroneous view of the applicable law[.]" Register.Com, Inc. v. Verio, Inc., 356 F.3d 393, 398 (2d Cir.2004) (internal quotation marks and citations omitted).
 
 
 3
 We first consider PicVue's argument that the injunction entered by the district court is impermissibly vague because it fails to specify the conduct that is enjoined. The injunction provides in relevant part:
 
 
 4
 1) Defendants PicVue Electronics, Ltd., PicVue Optoelectronics International, Inc., and Eglasstrek GmbH, their officers, agents, employees and all persons acting in concert with them, shall not engage in the misappropriation of Corning's trade secrets, and shall not reap any commercial advantage from any previous misappropriation of Corning's trade secrets, if such misappropriation has occurred.
 
 
 5
 2) Defendants PicVue Electronics, Ltd., PicVue Optoelectronics International, Inc., and Eglasstrek GmbH, their officers, agents, employees and all persons acting in concert with them are hereby enjoined from further infringement of Corning's copyrighted works.
 
 
 6
 Corning Inc. v. PicVue Electronics, Ltd., No. 02-CV-6303T, slip op. at 16-17 (W.D.N.Y. July 2, 2003).
 
 
 7
 Pursuant to Federal Rule of Civil Procedure 65(d), "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained ...." We have explained that the Rule "reflects Congress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds." Sanders v. Air Line Pilots Ass'n, Int'l, 473 F.2d 244, 247 (2d Cir.1972) (citing Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967)); see also Schmidt v. Lessard, 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974) (per curiam) ("[B]asic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed."). We have also observed that "[a]n order which does not satisfy the requirement of specificity and definiteness will not withstand appellate scrutiny." EFS Marketing, Inc. v. Russ Berrie & Co., 76 F.3d 487, 493 (2d Cir.1996) (internal quotation marks omitted).
 
 
 8
 The preliminary injunction entered by the district court does not identify the trade secrets and the copyrighted works that it bars PicVue from, respectively, misappropriating and infringing. It is thus not possible "to ascertain from the four corners of the order precisely what acts are forbidden," Sanders, 473 F.2d at 247; PicVue would have to resort to extrinsic documents to comply with the order's commands. We therefore conclude that the preliminary injunction does not satisfy the specificity requirements of Rule 65(d).
 
 
 9
 We next consider PicVue's complaint that the district court abused its discretion by failing to order Corning to post a security bond at the time the preliminary injunction issued. Federal Rule of Civil Procedure 65(c) commands:
 
 
 10
 No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.
 
 
 11
 Fed.R.Civ.P. 65(c). The Rule thus allows a preliminary injunction to become effective only upon the applicant's positing of an amount that the district court determines adequate. While it might have been within the discretion of the district court to decide that, under the circumstances, no security was required, see Doctor's Assocs., Inc. v. Distajo, 107 F.3d 126, 136 (2d Cir.1997) ("Rule 65(c) gives the district court wide discretion to set the amount of a bond, and even to dispense with the bond requirement where there has been no proof of likelihood of harm...." (internal quotation marks omitted)), the district court was required to make this determination before it entered the preliminary injunction. We therefore find that the district court did not adhere to the requirements of Rule 65(c).
 
 
 12
 Accordingly, for the foregoing reasons, we VACATE IN PART the district court's decision and order and REMAND the case to the district court for proceedings consistent with this opinion. For reasons stated in the accompanying summary order, the decision and order of the district court is also AFFIRMED IN PART. The mandate shall issue forthwith.
 
 
 
 Notes:
 
 
 *
 Judge Jon O. Newman having recused himself prior to oral argument, this case is decided by the two remaining members of the panel pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit