EASTERBROOK, Circuit Judge,
concurring.
Although I join the court’s opinion, I remain concerned by the language of the district court’s injunction.
The injunction requires Director Nor-wood to “take immediate and affirmative steps to arrange directly or through referral to appropriate agencies, organizations, or individuals, corrective treatment of in-home shift ■ nursing services to Plaintiffs and; such similarly situated Medicaid-eligible children' under the age of 21 in the State of Illinois who also have been approved for in-home shift nursing services, but who are not receiving in-home shift nursing services at the level approved by Defendant, as required by the Medicaid Act.” What steps, in particular? The injunction does not say. Yet Fed. R. Civ. P. 65(d)(1)(C) tells us that an injunction must “describe in reasonable detail'.. the act *844 or acts restrained or required.” This injunction does not supply any detail. The Supreme Court has reversed injunctions that read like this one. See, e.g., Schmidt v. Lessard, 414 U.S. 473, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974).
Some, of the district court’s opinion suggests that the judge .thought particulars unnecessary because the goal is to produce a defined result: children get the nursing services authorized for them. Since the Department of .Healthcare and Family Services knows the desired end, the judge implied, it must know the means to produce that end.
That is a non-sequitur. If as the Department asserts there is a shortage of nurses, then the end cannot be achieved without taking medical care away from other de-serying persons, and the district judge did not suggest that rationing of nursing care is either required by the Medicaid Act or an appropriate use of the court’s equitable powers. Raising reimbursement rates might induce nurses to supply additional services, but Armstrong v. Exceptional Child Center, — U.S. -, 135 S.Ct. 1378, 191 L.Ed.2d 471 (2015), holds that judges cannot change reimbursement rates in private suits. Yet if the judge cannot command Illinois, to pay more money, it may not be possible to achieve the end that the judge thought required by the statute.
The injunction in a ease of this kind should be designed to specify those steps (other than raising promised rates of payment) that the Department must take in order to find nurses for the plaintiff class—-if, .as class counsel, believe, there are nurses to be found. The principal problem with drafting such an injunction is one my colleagues mention: we do not know what will work. We shouldn’t expect class counsel to- have this knowledge; lawyers are not professional healthcare administrators. Nor should we expect the judge to know what the Department ought to do. The Department itself may not know what will suffice; it is so committed to the idea that all it need do is offer to pay for services that it may never have tried any other approach.
Perhaps a declaratory judgment would have been a better starting point, but the Department is not complaining about the use of an injunction rather than a declaratory judgment. All a district court can do in a situation such as this is require the defendant to start trying. Rule 65(d) requires “reasonable” detail, not more detail than is possible under the circumstances. Last May the Department sent the judge a letter with a list of some options it could pursue. As long as the Department starts working through this list, or takes some other step that seems to have a prospect of success, it has complied with the injunction. It would be out of the question for the district court to hold the Department in contempt for trying one or more approaches that turn out poorly. As long as the injunction is detail-free, the most the judge can demand is that the Department do something—and if the first one or two somethings fails, try something else.
The district judge should keep tabs on what is happening and adjust the injunction as appropriate. If the Department turns out to be right about the supply of nurses, the judge also must ensure that the interests of other persons, competing with the class for scarce resources, are adequately protected. Not unless the Department defies a command far more specific than the one issued so far would be it permissible (or sensible) to consider, taking punitive steps.