**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIP SIDES,

                Plaintiff-Appellant,

  v.

CISCO SYSTEMS, INC.; UNITED
HEALTHCARE,

                Defendants-Appellees.

No. 19-15830

D.C. No. 4:15-cv-03893-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 1, 2021[**]
San Francisco, California

Before: OWENS, BADE, and LEE, Circuit Judges.

Plaintiff Kip Sides appeals pro se from the district court's judgment in favor

of defendants in this Employee Retirement Income Security Act ("ERISA") action.

We have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

choice and application of the standard of review to decisions by fiduciaries in ERISA cases," and "for clear error the underlying findings of fact." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). Where a plan confers discretionary authority to the administrator to determine eligibility for benefits, the court reviews its decision whether to grant benefits for abuse of discretion rather than de novo. *Id.* at 959, 963. We affirm.

The district court properly reviewed defendant UnitedHealthcare Insurance Company's (UH) claim decisions for an abuse of discretion because the benefit plan vested UH with discretion to determine eligibility for benefits and to construe terms of the plan. *Id.* at 963. The district court thus appropriately limited its review to the administrative record compiled by UH. *Id.* at 970.

The district court properly awarded judgment to UH and Cisco Systems (Cisco) on Sides' claims for benefits because he failed to exhaust his administrative remedies before filing suit. *See Diaz v. United Agric. Emp. Welfare Benefit Plan & Tr.*, 50 F.3d 1478, 1483, 1485 (9th Cir. 1995).

The district court also properly awarded judgment to UH and Cisco on Sides' claims for declaratory and injunctive relief because his requests were vague and he failed to establish any ERISA violation. *See* 29 U.S.C. § 1132(a)(3); *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam) ("Since an injunctive order prohibits

conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.").

UH's motion to strike Sides' excerpts of record (Docket Entry No. 29) is granted. Sides' excerpts of record, filed at Docket Entry Nos. 11 and 20, are stricken. Sides' motion for oral argument on UH's motion to strike (Docket Entry No. 37) is denied.

**AFFIRMED.**

19-15830