NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARL ZEISS MEDITEC, INC.,**

*Plaintiff-Appellee*

**v.**

**TOPCON MEDICAL SYSTEMS, INC., TOPCON HEALTHCARE SOLUTIONS, INC., TOBIAS KURZKE,**

*Defendants-Appellants*

**GREG HOFFMEYER, GENEVIEVE FAY, KATALIN SPENCER, TERRY KEITH BROCK, CHARLES GUIBORD, JR., JOSEPH CICCANESI, MICHAEL CHEN,**

*Defendants*

---

2021-1839

---

Appeal from the United States District Court for the Northern District of California in No. 4:19-cv-04162-SBA, Judge Saundra Brown Armstrong.

---

Decided: May 16, 2022

---

2    CARL ZEISS MEDITEC, INC. v. TOPCON MEDICAL SYSTEMS, INC.

JEREMY T. ELMAN, Allen & Overy LLP, Palo Alto, CA, argued for plaintiff-appellee Carl Zeiss Meditec, Inc. Also represented by BIJAL V. VAKIL.

STEVEN CARLSON, Robins Kaplan LLP, Redwood City, CA, argued for defendants-appellants Topcon Medical Systems, Inc., Topcon Healthcare Solutions, Inc. Also represented by KEVIN PASQUINELLI.

GEORGE MILLER, Shustak Reynolds & Partners PC, San Diego, CA, argued for defendant-appellant Tobias Kurzke. Also represented by KATHERINE BOWLES.

_____

Before HUGHES, LINN, and STOLL, *Circuit Judges.*

LINN, *Circuit Judge*

In this interlocutory appeal, Topcon Medical Systems, Inc. ("Topcon") seeks vacatur of a preliminary injunction granted by the United States District Court for the Northern District of California in a case involving the alleged misappropriation of trade secrets of Carl Zeiss Meditec, Inc. ("CZMI"). Topcon asserts that paragraph 2 of the injunction fails to satisfy Federal Rule of Civil Procedure 65(d) because it does not provide sufficient specificity of what it prohibits. Because paragraph 2 is ambiguous as to whether and to what extent it enjoins the continued use of Topcon's Harmony platform and DICOM decoder, we vacate that part of the preliminary injunction and remand to the district court for clarification of the scope of the conduct intended to be prohibited.

Topcon argues that paragraph 2 of the injunction is an impermissibly vague "obey the law" injunction, which does not describe the specific acts prohibited. Topcon further argues that the broad prohibition against using "any CZMI confidential, proprietary, or trade secret information, including any files obtained from the Hard Drive or during

the course of Former Defendants' employment with CZMI," Order Granting Pl.'s Renewed Mot. for Preliminary Injunction at 23, *Carl Zeiss Meditec, Inc. v. Topcon Med. Sys., Inc.*, Case No. 19-4161 SBA (N.D. Cal. March 1, 2021), ECF No. 311 ("*Preliminary Injunction Order*"), does not identify any particular trade secrets or describe what acts are prohibited.  Topcon also argues that paragraph 2 here is essentially like the injunctions disallowed in *Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1121–22 (Fed. Cir. 1996) and *Union Pacific Railroad Co. v. Mower*, 219 F.3d 1069, 1072, 1077 (9th Cir. 2000) and contends specifically that the injunction is ambiguous as to whether it applies to Topcon's Harmony platform and DICOM decoder or only the Glaucoma Module.  Topcon further contends that these ambiguities are exacerbated by the district court's misunderstanding of evidence from the Elman Declaration and Kurzke deposition discussing the OCT project and the district court's use of that evidence to draw conclusions about the misappropriation of trade secrets related to the HFA project.

CZMI responds that it sought an injunction with respect to both HFA and OCT data and that the district court granted the injunction without exception.  Thus, CZMI, contends that the use of both OCT *and* HFA data was properly enjoined, and that the district court's discussion of the Elman Declaration and Kurzke's related deposition testimony concerning OTC data supports reading the injunction to extend to Harmony due to its use of OTC data. CZMI thus argues that the injunction was broad rather than ambiguous and distinguishes Topcon's cited cases.

We review the propriety of a preliminary injunction under the law of the regional circuit, in this case the Ninth Circuit. *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 894 (Fed. Cir. 1998).  The Ninth Circuit reviews whether a preliminary injunction satisfies Rule 65(d) due to vagueness *de novo. Premier Commc'ns Network, Inc. v. Fuentes*, 880 F.2d 1096, 1100 (9th Cir. 1989).

Rule 65(d) requires that an injunction "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."

> The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood. Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed.

*Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

We agree with Topcon that the district court's injunction fails to provide the kind of notice required by Fed. R. Civ. P. 65(d) as to whether and to what extent Topcon's continued use of its Harmony platform and DICOM decoder is outlawed. At the outset, we note that the district court's opinion expressly says that "CZMI now limits the proposed injunction to Glaucoma Module specifically." *Preliminary Injunction Order* at 7 n.6. CZMI inexplicably does not address this footnote in its briefing. Moreover, the injunction order heavily focuses on the improper acquisition, disclosure, and use of the confidential HFA reports, rather than any confidential information associated with OTC data. The acquisition theory wholly revolves around Kurzke's hard drive, and the use/disclosure theory also heavily focuses on the "145 HFA reports" Kurzke kept on the hard drive and delivered to Calcey for the purpose of testing the Glaucoma Module.

There is no evidence cited by either the district court or CZMI that the hard drive contained any confidential OCT information. While there is some mention that the hard drive contained OCT data of Kurzke's own eyes, there is no discussion by the district court that that information was confidential.

CZMI's contention that paragraph 2 properly captures all 70 trade secrets it asserted against Topcon because it made the argument to the district court and because the district court did not qualify its injunction is not sufficient to remove the ambiguity in the scope of the injunction. First, the district court did not address whether all that information was confidential, or whether it was acquired, used, or disclosed improperly. Second, as Topcon convincingly argues, the scope of the asserted trade secrets captured under CZMI's argument is staggering, including unspecified software architecture, unnamed user interfaces, generically noted research, and other information simply identified as trade secrets. The district court did not engage an analysis of the likelihood of success on these many and varied alleged trade secrets. Finally, Rule 65(d) expressly requires that the injunction order itself must "describe in reasonable detail—*and not by referring to the complaint or other document*—the act or acts restrained or required." (emphasis added).[1]

CZMI argues that paragraph 2 should properly be interpreted to extend to OCT data because Kurzke enlisted a third party to license image export software from CZMI. This argument falls short for a number of reasons. First, this theory was not discussed or adopted by the district court. Second, there is no holding by the district court that CZMI was likely to succeed in showing that the image

---

[1]    We recognize that the Ninth Circuit "has not taken a rigid approach" to Rule 65(d)'s no-incorporation requirement and has allowed, for example, attachment of a confidential appendix as part of the injunction. *Davis v. City and County of San Francisco*, 890 F.2d 143, 1450 (9th Cir. 1989); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132–33 (9th Cir. 2006) (explaining the Ninth Circuit "permit[s] incorporation by reference in certain limited scenarios").

export software or the license thereof was confidential or improperly obtained.

We agree with Topcon that paragraph 2 of the injunction does not comport with the standards demanded by *Union Pacific*. *See* 219 F.3d at 1077 (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444 (1974)) ("[O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits."). CZMI argues that *Union Pacific* is inapposite because it was addressing privilege, and that paragraph 2 here "defines the CZMI information protected by Clause Two." We disagree. First, CZMI's briefing cannot define the scope of the injunction, where paragraph 2 itself does not identify the specific acts prohibited. Second, *Union Pacific* addressed the scope of the injunction with respect to privilege *and* confidentiality and its holding was generally about the specificity required by Rule 65(d). CZMI identifies no reason why the specificity required in identifying the prohibited acts would be different with respect to confidentiality and privilege under Rule 65(d).

*Roton*, while applying Illinois law, also supports Topcon. CZMI attempts to distinguish that case, arguing that paragraph 2 here, in identifying the contents of the hard drive, is more specific than the injunction in *Roton*. But CZMI does not identify anything confidential on the hard drive that implicates OCT data, and the prohibition against the use of data on the hard drive does not provide sufficient specificity to save the remainder of the injunction from ambiguity.

Because we conclude that paragraph 2 fails to satisfy Fed. R. Civ. P. 65(d), CZMI's contention that the Ninth Circuit does not prohibit "obey the law" injunctions is inapposite.

Finally, we agree with Topcon that the district court's reference to evidence from Elman Declaration Exhibit 3

CARL ZEISS MEDITEC, INC. v. TOPCON MEDICAL SYSTEMS, INC.    7

and Elman Declaration Exhibit 4, which relate solely to OCT data, to reach conclusions as to HFA data, exacerbates the ambiguity of the injunction and in no way supports extending the injunction to cover the Harmony platform or the DICOM decoder.

\* \* \*

For the foregoing reasons, paragraph 2 of the preliminary injunction is vacated and the injunction is remanded to the district court to clarify the scope of the injunction as to whether and to what extent it enjoins the continued use of Topcon's Harmony platform and DICOM decoder.

## VACATED-IN-PART AND REMANDED

COSTS

Each party shall bear its own costs.