NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

R.L. WHITMER, *Plaintiff/Appellant,*

*v.*

HILTON CASITAS HOMEOWNERS ASSOCIATION, *Defendant/Appellee.*

No. 1 CA-CV 23-0350
FILED 1-30-2024

Appeal from the Superior Court in Maricopa County
No. CV2022-014709
The Honorable John Christian Rea, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Meyer & Partners, PLLC, Phoenix
By Ross P. Meyer
*Counsel for Plaintiff/Appellant*

Carpenter Hazlewood Delgado & Bolen, LLP, Tempe
By Edith I. Rudder
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**K I L E Y**, Judge:

¶1 R.L. Whitmer filed a petition asking the superior court to hold Hilton Casitas Homeowners Association ("Hilton Casitas") in contempt for failing to comply with a decision rendered in an administrative proceeding several years earlier. The court dismissed his claim for relief, and Whitmer appeals. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Hilton Casitas is the homeowners association for the Scottsdale condominium community where Whitmer lives. Hilton Casitas is subject to the Arizona Condominium Act. *See* A.R.S. §§ 33-1201 to -1270.

¶3 In 2014, Whitmer filed a petition with the predecessor agency to the Arizona Department of Real Estate (the "Department") alleging that Hilton Casitas had violated its statutory obligations regarding association budgets. Specifically, Whitmer alleged that Hilton Casitas incurred legal fees in 2013 and 2014 that exceeded budgeted amounts without receiving authority from members to amend the budgets as required by A.R.S. § 33-1243(D).

¶4 At an evidentiary hearing before the Office of Administrative Hearings ("OAH"), Hilton Casitas' former board president admitted that Hilton Casitas incurred legal fees in 2014 that "substantially exceeded the amount of money that had been budgeted for legal fees" that year. She explained that Whitmer had filed two or three lawsuits against Hilton Casitas that required Hilton Casitas to incur attorney fees that had not been anticipated.

¶5 After the hearing, the administrative law judge (the "ALJ") issued a decision (the "2015 Decision") concluding that Hilton Casitas violated A.R.S. § 33-1243(D) by "exceed[ing] the amount of money that had been budgeted for legal fees in 2014." The ALJ did not impose a civil penalty against Hilton Casitas but ordered it to "fully comply with the applicable provisions of A.R.S. § 33-1243(D) in the future."

¶6            Eight years later, in 2022, Whitmer petitioned the superior court to hold Hilton Casitas in contempt for violating the 2015 Decision. In his petition as amended, Whitmer alleged that Hilton Casitas had incurred legal expenses of $67,195.50 in 2021 and $46,591.60 in 2022, more than the amounts budgeted for those years. The amended petition further alleged that, by failing to amend its budget for either year, Hilton Casitas violated the 2015 Decision's directive to "fully comply with the applicable provisions of A.R.S. § 33-1243(D) in the future." Whitmer asked the court to find Hilton Casitas in contempt for violating the 2015 Decision, award him attorney fees, and order Hilton Casitas to "amend its future budgets within thirty (30) days of exceeding or knowing [it] will exceed its adopted budget's authorized expenditures."

¶7            Hilton Casitas moved to dismiss the amended petition for failure to state a claim upon which relief may be granted. *See* Ariz. R. Civ. P. 12(b)(6). It argued that the ALJ exceeded his authority by issuing the 2015 Decision because an administrative agency lacks authority to issue a "non-specific order" requiring a condominium association "to obey A.R.S. § 33-1243(D) moving forward." In the alternative, Hilton Casitas denied that it had violated Section 33-1243(D) and argued that, in any event, "[a]ny alleged overspend[ing]" for legal fees "in the 2021 and 2022 budgets" resulted from Whitmer's own actions in "continuing to file" lawsuits against Hilton Casitas, "thereby causing the very problem of which he complains."

¶8            Whitmer opposed the motion to dismiss, arguing that A.R.S. § 32-2199.02(A) confers statutory authority on administrative law judges to "order any party" to a condominium dispute "to abide by the statute, condominium documents, community documents or contract provision at issue." He also asserted that Hilton Casitas violated A.R.S. § 33-1243(D) by "overspend[ing] its adopted annual budget" in 2021 and 2022 without asking members to approve an amended budget.

¶9            After full briefing, the superior court issued a ruling stating that it did not interpret the 2015 Decision to require Hilton Casitas to comply with Section 33-1243(D) for the indefinite future. Citing evidence presented at the OAH hearing that the Hilton Casitas board "intended to meet soon to ratify the increased legal costs," the court stated that it construed the 2015 Decision simply to mandate Hilton Casitas' compliance with Section 33-1243(D) at its upcoming board meeting to amend the 2014 budget. Accordingly, the court ruled, the 2015 Decision did not apply to Hilton Casitas' actions in 2021 and 2022.

¶10 The court went on to hold that if the 2015 Decision were interpreted to impose an ongoing obligation on Hilton Casitas to comply with Section 33-1243(D) for the indefinite future, the decision would be "too vague to enforce by contempt." The court concluded by dismissing Whitmer's amended petition. After awarding attorney fees to Hilton Casitas, the court entered final judgment from which Whitmer has timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶11 Whitmer challenges the dismissal of his amended petition under Arizona Rule of Civil Procedure 12(b)(6). We review an order granting a motion to dismiss *de novo*. *Mills v. Ariz. Bd. of Tech. Registration*, 253 Ariz. 415, 420, ¶ 10 (2022). We accept the facts alleged as true and determine whether those facts state a claim upon which relief can be granted. *See Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70, ¶ 7 (App. 2014); Ariz. R. Civ. P. 12(b)(6). We likewise review *de novo* the superior court's interpretation of the 2015 Decision. *See Holcomb v. Ariz. Dep't of Real Estate*, 247 Ariz. 439, 443, ¶ 9 (App. 2019) ("We review de novo any legal issues addressed by the [administrative] agency or the superior court."); *see also Abbott Lab'ys. v. TorPharm, Inc.*, 503 F.3d 1372, 1382 (Fed. Cir. 2007) ("As with any other legal instrument, interpretation of the terms of an injunction is a question of law we review de novo.").

¶12 Pursuant to A.R.S. § 33-1243(D),

> Except as provided in the declaration, within thirty days after adoption of any proposed budget for the condominium, the board of directors shall provide a summary of the budget to all the unit owners. Unless the board of directors is expressly authorized in the declaration to adopt and amend budgets from time to time, any budget or amendment shall be ratified by the unit owners in accordance with the procedures set forth in this subsection. If ratification is required, the board of directors shall set a date for a meeting of the unit owners to consider ratification of the budget not fewer than fourteen or more than thirty days after mailing of the summary. Unless at that meeting a majority of all the unit owners or any larger vote specified in the declaration rejects the budget, the budget is ratified, whether or not a quorum is present. If the proposed budget is rejected, the periodic budget last ratified by the unit owners shall be continued until such time as the unit owners

ratify a subsequent budget proposed by the board of directors.

¶13 The superior court dismissed Whitmer's amended petition because it interpreted the 2015 Decision to impose no obligation on Hilton Casitas beyond compliance with Section 33-1243(D) at its upcoming meeting to amend the 2014 budget. The court also held, in the alternative, that to the extent the 2015 Decision's directive purported to require future compliance with Section 33-1243(D) for an indefinite period, the directive was unenforceable. Because we agree with the parties that the 2015 Decision's directive can be read to mandate ongoing compliance with the statute for the indefinite future, we address the superior court's alternative holding that such a directive is unenforceable.

¶14 Whitmer asserts that the court erred in dismissing his amended petition for failure to state a claim for relief because, he contends, A.R.S. § 32-2199.02(A) authorized the ALJ to issue a "forward binding order" requiring Hilton Casitas to abide by Section 33-1243(D) on an ongoing basis. In response, Hilton Casitas argues the 2015 Decision's injunction provision is insufficiently specific to be enforced by contempt.

¶15 Administrative law judges have authority to issue injunctions directing parties to condominium disputes to abide by the requirements of particular statutes and contract provisions. *See* A.R.S. § 32-2199.02(A) ("The administrative law judge may order any party to abide by the statute, condominium documents, community documents or contract provision at issue and may levy a civil penalty on the basis of each violation."). The injunctions may be enforced through contempt proceedings in superior court. *Whitmer v. Hilton Casitas Homeowners Ass'n*, 245 Ariz. 77, 80-81, ¶¶ 11-12 (App. 2018).

¶16 All injunctions must, *inter alia*, "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Ariz. R. Civ. P. 65(d)(1). The requisite specificity will be found "only if the enjoined party can ascertain from the four corners of the order precisely what acts are forbidden or required." *Havens v. James*, 76 F.4th 103, 121 (2d Cir. 2023) (citation omitted).

¶17 The specificity required of injunctions serves "to prevent uncertainty and confusion on the part of those faced with injunctive orders," *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974), thereby "protect[ing] the elementary due process requirement of notice," *Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 889 F.3d 1, 12 (1st Cir. 2018) (cleaned up). As courts

have long held, "basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." *Schmidt*, 414 U.S. at 476; *see also Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 444 (1974) ("[O]ne basic principle built into [Federal Rule of Civil Procedure] 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits."). To provide fair notice to the defendant of what he or she "is ordered to do or not to do," an injunction "should be phrased in terms of objective actions, not legal conclusions." *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 985 (11th Cir. 1983) (citation omitted).

¶18        An injunction that lacks the required specificity, or otherwise "does not clearly describe prohibited or required conduct, . . . is not enforceable by contempt." *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996); s*ee also United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1362 (11th Cir. 2019) (noting that injunctions' specificity requirement is "designed," *inter alia*, "to avoid the possible founding of a contempt citation on a decree too vague to be understood") (citation omitted). As the United States Supreme Court has recognized, "[t]he judicial contempt power is a potent weapon," and "[w]hen it is founded upon a decree too vague to be understood, it can be a deadly one." *Int'l Longshoremen's Ass'n, Loc. 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967); *see also Payne v. Travenol Lab'ys, Inc.*, 565 F.2d 895, 897 (5th Cir. 1978) (finding that the specificity requirement of Federal Rule of Civil Procedure 65(d) is "a reflection of the seriousness of the consequences which may flow from a violation of an injunctive order").

¶19        "[C]ourts are generally hesitant to order a defendant to obey a law in the future," *W. Valley View, Inc. v. Maricopa Cnty. Sheriff's Off.*, 216 Ariz. 225, 228, ¶ 11 (App. 2007), and one reason for this reluctance is that injunctions that simply direct parties to comply with the law provide no specific guidance for future conduct. An injunction that "gives little more direction than a general command to obey the law" sets forth mere "legal conclusions" instead of the required "specific acts." *See Pardilla v. Vill. of Hoffman Ests.*, __ N.E.3d __, 2023 IL App (1st) 211580, ¶ 37 (Ill. App. Ct. 2023). Such an order does not provide "fair and precisely drawn notice of what the injunction actually prohibits," leaving the defendant "to guess at what kind of conduct would be deemed" to be a violation. *Calvin Klein Cosms. Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987). So-called "obey-the-law" injunctions thus "run afoul" of the principle "that an injunction state its terms specifically and describe in reasonable detail the act or acts restrained or required." *Bone v. Univ. of N.C. Health Care Sys.*, 1:18-cv-994, 2023 WL 4144277, at *32 (M.D.N.C. June 22, 2023) (mem.

decision) (cleaned up); *cf. Osorio v. Ross*, 1 CA-CV 20-0543, 2021 WL 2836431, at *4, ¶ 18 (Ariz. App. July 8, 2021) (mem. decision) (affirming denial of claim for injunctive relief because plaintiff's request that defendants be ordered to obey agency policies and procedures "amounts to little more than a broad demand to obey the law," and "ordering such relief would have been improper").

¶20 Because of their lack of specificity, "obey-the-law" injunctions are generally unenforceable by contempt. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 322 (3d Cir. 2020) ("Persons may not be placed at risk of contempt unless they have been given specific notice of the norm to which they must pattern their conduct.") (citation omitted); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) ("Broad, non-specific language that merely enjoins a party to obey the law . . . does not give the restrained party fair notice of what conduct will risk contempt.") (citation omitted). And even courts that have approved of "obey-the-law" injunctions often require temporal limitations for such orders to avoid leaving defendants at perpetual risk of contempt for future statutory violations "no matter how remote in time" they may occur. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 844 (7th Cir. 2013) (remanding injunction compelling compliance with the Americans with Disabilities Act "with instructions to modify [it] to impose a reasonable time limit"); *see also Rome v. Mandel*, 405 P.3d 387, 401-02, ¶¶ 78-79 & n.10 (Colo. App. 2016) (reversing permanent injunction compelling compliance with state securities act and holding that, "[e]ven assuming that a court may enter such an [injunction] in some cases," it must contain a "temporal limit," explaining that "[t]he need for a temporal limit in an obey-the-law injunction derives from [its] suspect nature and our duty to scrutinize such an injunction with great care").

¶21 The 2015 Decision does not identify any specific act that is mandated or prohibited. Instead, it merely directs Hilton Casitas to "fully comply with the applicable provisions of A.R.S. § 33-1243(D) in the future." (Emphasis added.) The statute includes multiple provisions governing varied matters (including adopting and amending budgets, notice to unit owners, setting meetings, voting, and proceeding without a ratified budget), and the 2015 Decision does not indicate which are the "applicable provisions" with which Hilton Casitas is being ordered to "fully comply." Further, the 2015 Decision contains no temporal limitation, requiring compliance with Section 33-1243(D) for the indefinite "future." An unlimited "obey-the-law" injunction of this kind is too vague to be enforceable by contempt. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) (holding "insufficiently specific," and

therefore unenforceable, injunctions purporting to direct defendants "to act in full conformity with applicable laws pertaining to firearms" without "specifying which laws are 'applicable'") (cleaned up); *see also United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1137 (D.C. Cir. 2009) (noting that, because "basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed[,] . . . we have held injunctions to be too vague when they enjoin all violations of a statute in the abstract without any further specification") (citation omitted).

¶22      Because the 2015 Decision's injunction provision lacks the specificity required to be enforced by contempt, the court did not err by dismissing Whitmer's amended petition for failure to state a claim.

## CONCLUSION

¶23      For the foregoing reasons, we affirm.

¶24      Hilton Casitas requests an award of attorney fees under A.R.S. § 12-341.01 based on the parties' contractual relationship. We grant Hilton Casitas' request for reasonable attorney fees and taxable costs upon its compliance with ARCAP 21.

