# United States Court of Appeals for the Fifth Circuit

_____

No. 25-40487

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2025

Lyle W. Cayce
Clerk

Sophia Myers, *Individually and on behalf of all others similarly situated*; Kara Kay, *Individually and on behalf of all others similarly situated*; Ryann Allison, *Individually and on behalf of all others similarly situated*; Elaina Amador, *Individually and on behalf of all others similarly situated*; Berklee Andrews, *Individually and on behalf of all others similarly situated*; Meagan Ledbetter, *Individually and on behalf of all others similarly situated*,

                           *Plaintiffs—Appellees*,

*versus*

Stephen F. Austin State University, Member of the University of Texas System,

                           *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:25-CV-187

_____

Before Dennis, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40487

Plaintiffs are female student athletes at Stephen F. Austin State University ("SFA"). In May 2025, SFA discontinued the women's beach volleyball and bowling teams, as well as the men's and women's golf teams. Following failed negotiations with SFA, Plaintiffs filed a class action suit in federal district court, alleging SFA had violated Title IX. *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."); *see also* 34 C.F.R. § 106.41(c) (2024) ("A recipient which operates or sponsors interscholastic, intercollegiate, club or intramural athletics shall provide equal athletic opportunity for members of both sexes."). Simultaneously, Plaintiffs filed an emergency motion for preliminary injunctive relief.

After a hearing, the district court ruled that Plaintiffs had satisfied the preliminary injunction requirements. The court then entered an injunction requiring SFA to "preserve the women's beach volleyball team, women's bowling team, women's golf team, and all other women's varsity teams at the University while this case is pending."

SFA appealed, and sought an emergency stay pending appeal, which was granted by a divided panel. The parties then filed briefs on an expedited basis, which the panel has carefully reviewed.

On appeal, SFA seeks to vacate the injunction on various grounds. We need consider only one. SFA argues the injunction fails to meet the specificity requirement of Federal Rule of Civil Procedure 65(d). We agree.

Rule 65(d) requires "[e]very" injunctive order to "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ.

P. 65(d)(1). These "are no mere technical requirements" but are "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Louisiana v. Biden*, 45 F.4th 841, 846 (5th Cir. 2022) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)). The parties must be able to "interpret the injunction from the four corners of the order," *Seattle-First Nat'l Bank v. Manges*, 900 F.2d 795, 800 (5th Cir. 1990) (internal quotation omitted), and "ascertain from the document itself exactly what conduct is proscribed." *Louisiana*, 45 F.4th at 846 (internal quotation omitted); *see also Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. 2016) (vacating injunction because it failed to "state its terms specifically and describe in reasonable detail the conduct restrained or required" (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 586 (5th Cir. 2013))).

The injunction at issue fails to meet these standards. By requiring SFA simply to "preserve" the three women's teams at issue, without further elaboration, the injunction does not inform SFA in reasonable detail what it must do. For instance, the women's bowling team was discontinued months ago. To comply with the mandatory injunction, must SFA hire a new coach, and if so, by what date? Must it enter the same number of competitions as last year and roster the same number of bowlers, assuming either is possible at this point? Must it recruit new members, maintain scholarships, and keep funding at current levels?

To be sure, courts may issue injunctions under Title IX to preserve athletic programs unlawfully slated for termination. *See, e.g.*, *Ohlensehlen v. Univ. of Iowa*, 509 F. Supp. 3d 1085, 1106 (S.D. Iowa 2020) (court ordered university to continue funding programs commensurate with their status as a varsity program). And courts have ordered universities to reinstate athletic teams that have been illegally terminated. *See, e.g.*, *Mayerova v. E. Mich.*

*Univ.*, 346 F. Supp. 3d 983, 999 (E.D. Mich. 2018). But, consistent with Rule 65(d), such orders typically provide far more detail on the benchmarks and deadlines the universities must meet. *See, e.g.*, *Navarro v. Fla. Inst. of Tech., Inc.*, No. 6:22-CV-1950, 2023 WL 2078264, at *9 (M.D. Fla. Feb. 17, 2023) (ordering reinstatement of varsity status and rehiring of coaches with specific deadlines and providing opportunity for university to notify court of circumstances that would frustrate compliance). The order here, by contrast, contains no such guiding details.[1]

Accordingly, we must vacate the preliminary injunction and remand for further proceedings in the district court, which is "well-versed in the intricacies of this lawsuit." *Scott*, 826 F.3d at 214. In doing so, we express no opinion on whether a preliminary injunction should issue or, if so, what its terms should be. Nor do we express any view on the other issues raised by SFA, which can be raised on remand in the district court.

The preliminary injunction is VACATED and the case REMANDED for further proceedings consistent with this opinion.

---

[1] We reject Plaintiffs' argument that SFA forfeited its Rule 65(d) argument. Logically, SFA could not have challenged the terms of the injunction before it was even issued. And while SFA could have requested clarification of the order's terms following issuance, *see In re Highland Cap. Mgmt., L.P.*, 105 F.4th 830, 837 (5th Cir. 2024), no authority supports the proposition that failure to do so prevents us from reviewing the terms of the injunction under Rule 65(d).